## HOBBS et al. v. EDGAR et al.

(Supreme Court, Appellate Term.   June 6, 1898.)

REAL-ESTATE BROKER—RIGHT TO COMMISSION.
    Where a broker employed to sell real property at a specified price procures a proposed purchaser, and opens negotiations with him, the fact that the employer, without terminating the agency or the negotiation so commenced, takes it into his own hands, and concludes the sale at a lower price, does not deprive the broker of his right to commissions.

Appeal from city court of New York, general term.

Action by Frederick G. Hobbs and others against George Edgar and others. From a judgment of the general term (49 N. Y. Supp. 1138) affirming a judgment of the trial term in favor of plaintiffs, defendants appeal. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Leventritt & Nathan, for plaintiffs.
Philbin & Beekman, for defendants.

GILDERSLEEVE, J. The action is brought to recover brokers' commissions for the sale to one Flint of real property, No. 42 West Sixty-Ninth street, in this city, belonging to the defendants. There is no question of the employment by the defendants of plaintiffs to effect the sale. Plaintiffs claim that they were the procuring cause of the sale, which is denied by defendants. As the appellate term cannot weigh the evidence, if conflicting, on appeals from the city court, the judgment must be affirmed if there is any evidence to sustain plaintiffs' contention, provided there are no errors of law, to which exceptions have been taken, in the rulings as to the admission of evidence, or in the charge or refusals to charge, of sufficient importance to warrant a reversal.

It seems to us that the evidence of Birch, together with certain admissions on the part of Flint, and some uncontradicted statements on the part of the defendant Edgar himself, establishes a state of facts tending to show that the plaintiffs were brokers employed to sell the property at a given price, i. e. $58,000; that they opened a negotiation with the purchaser, Flint; and that the defendants, without terminating the agency or the negotiation so commenced, took it into their own hands, and concluded a sale for a less sum than the price fixed,—i. e. $52,500. Under this state of facts, the plaintiffs were entitled to their commissions of 1 per cent. on the purchase price. See Martin v. Silliman, 53 N. Y. 615. The evidence is sharply conflicting upon many material questions of fact, but we must accept the plaintiffs' version as the correct one, since we cannot review the weight of evidence or the credibility of the witnesses. The defendants and Flint swear that the negotiations were conducted through another broker, named Phillips; but what, if any, efforts he made to bring about a meeting of minds, do not appear. Flint admits that he first visited the house with Birch, one of the plaintiffs, and that Birch was the first broker who spoke to him in reference thereto. It is not claimed by plaintiffs that they were present at the sale; but this fact is of no consequence, for, to entitle a real-estate broker to compensation, it is sufficient that a sale is effected through his agency, as its procuring cause; and if his communications with the purchaser are the means of bringing him and the owner together, and the sale results in consequence, the compensation is earned, although the broker does not negotiate and is not present at the sale. See Lloyd v. Matthews, 51 N. Y. 124. Where two brokers are employed, the one effects the sale who brings the minds of the parties to meet. See Smith v. McGovern, 65 N. Y. 575.

51 N.Y.S.—71

But, as we have said, there is no evidence as to the efforts of Phillips· in the. matter, while plaintiffs' testimony shows that Birch brought the parties together, and opened the negotiations between them, which continued without the withdrawal of either party therefrom, and which culminated in a sale. It is true that the purchase price · was less than the sum first fixed by the defendants; but it is not essential, to entitle a real-estate broker to commissions, that he should· have procured a purchaser upon the precise terms first named by the· principal at the time of employment; for if, through the instrumentality of the broker, the buyer and seller meet, and negotiations are· thus opened up between them, which, continuing without withdrawal of either party therefrom, culminate in a sale, though for a less sum· than originally demanded, the broker is entitled to his commissions. See Levy v. Coogan, 16 Daly, 137, 9 N. Y. Supp. 534.

We find no exceptions to the rulings .of the trial justice, or to his· refusal to charge, of sufficient importance to require discussion, while to the charge itself no exception was taken. We are of opinion that the judgment, so far as assailed on this appeal, should be· affirmed, with costs.

GIEGERICH, J., concurs. BEEKMAN, J., not voting.