## J. A. SYLVESTER *v.* ELIZABETH JOHNSON.

*(Jackson.* April Term, 1903.)

1. **REAL ESTATE AGENTS.** Facts showing an exclusive agency for sale of lot.

   Where a landowner's daughter, who generally attended to her business, gave a real estate broker the sole agency for the sale of a lot, and he placed his sign as such sole agent thereon, which was done with the knowledge of both the owner and her daughter, and the daughter referred a prospective purchaser to said broker with the statement that the matter was entirely out of her hands, and there was no denial of the existence of an agency, it was held that these facts show that the said broker was the owner's sole agent and that he had the exclusive agency for the sale of the lot. (*Post, pp.* 393-394.)

2. **SAME.** Same. Sole agent entitled to commission, though sale is effected by another.

   Where a real estate broker, who had the sole agency for the sale of a lot, commenced negotiations with the purchaser, he is entitled to his commission, though the sale was effected through the agency of another. (*Post, pp.* 394-395.)

3. **SAME.** Same. Same. Sole agency terminated by sale, but compensation is not defeated thereby.

   While it is true that the sole agent for the sale of a certain lot is terminated by sale thereof to one with whom the agent had commenced negotiations, still this does not affect the agent's right to his compensation. (*Post, pp.* 394-395.)

---

FROM SHELBY.

---

Sylvester v. Johnson.

Appeal from the Chancery Court of Shelby County.—
F. H. HEISKELL, Chancellor.

RHEA P. CARY, for Sylvester.

THOS. M. SCRUGGS and N. G. EVANS, for Johnson.

———

MR. JUSTICE WILKES delivered the opinion of the
Court.

This is an action by a real estate broker to recover
commission upon a sale of certain real estate in Mem-
phis for the defendant.

The decision of the case turns upon the questions
whether the complainant had the exclusive agency
for the sale of the lot at the time it was sold,
and whether he was instrumental in procuring the
purchaser. The chancellor found against complainant,
denied him any relief, and dismissed his bill, and com-
plainant has appealed and assigned errors.

Defendant contends that complainant was not sole
agent, and that he was not the efficient cause in nego-
tiating the sale. Her contention, in detail, is that the
complainant was never given the sole agency, but, if he
was, it was without defendant's authority, and that the
agency was revoked by a sale of the lot.

We have examined the record with much care, and feel
constrained to differ with the chancellor, and reverse his
decree.

We think that complainant was given the sole agency.
While this was done by the daughter of defendant, it
was known to defendant, and consented to by her. Com-
plainant placed his sign upon the lot, on which was
painted the words "Sole Agent," and this was known
and seen by both mother and daughter. In her answer,
defendant admits that she made no objection to this.
He removed all other signs of other agents from the lot,
and this was seen by and known to defendant. The de-
fendant was old, and her daughter generally attended to
her business. When Mr. Lake approached the daugh-
ter with a view of buying the lot, she referred him to
the statement on the sign, and said, "The matter is en-
tirely out of my hands." There is no question or con-
troversy but that he was an agent, and we think com-
plainant has made out his contention that he was sole
agent.

The lot was sold to a man named Goodwin by another
real estate agent, named McNeill. Goodwin says that
his first negotiations were with complainant, and the
daughter corroborates this, and knew of the fact that
complainant was negotiating with Goodwin.

We think that the evidence shows that the first negoti-
ations were had between complainant and Goodwin
while complainant had the sole agency, and that McNeill
came in, pending the negotiations, and effected the sale.

Under this state of facts, complainant is entitled to
his commission.

It is said that his sole agency was terminated by a

Sylvester v. Johnson.

sale of the property, and, of course, this is true, but does not affect complainant's right to his compensation. If so, every agent who is instrumental in bringing property to sale may be defeated of his compensation, if the principal sell, even if the sale be to a party with whom the agent is negotiating.

We are of opinion that, under the record, complainant is entitled to his compensation, and the decree of the court below is reversed, and judgment is rendered here for the commission and interest, and all costs, in favor of complainant.