# Joseph Espalla, Jr. & Co. *v.* Warren.

### Assumpsit.

(Decided November 16, 1916.   73 South. 23.)

**Brokers; Performance; Time Limit.**—Where a broker's commission depended on his closing the sale within 15 days, and, although the broker secured a purchaser, the sale was not completed within such time because of inability of the abstractor to complete the abstract, and when the owner learned who the prospective purchaser was he thereafter refused to sell to him, the broker was not entitled to his commission, although for a time after the expiration of the time limit, the parties continued uninterruptedly to negotiate just as if the contract was still in force.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Joseph Espalla, Jr., & Company, against Esther B. Warren, to recover broker's commissions. Judgment for defendant and plaintiff appeals. Affirmed.

ERVIN & MCALEER, for appellant. PALMER PILLANS, for appellee.

SAYRE, J.—Appellant sued appellee, joining counts in common and special assumpsit, for the value or agreed price of work and labor done by appellant in finding a purchaser for appellee's land. The court gave the general charge for appellee.

The evidence showed an agreement in writing by appellee to sell her land on certain terms. The agreement concluded with this stipulation: "I will also furnish an abstract of title down to date at my expense and agree to give a good title clear of all claims to the purchaser. If the title to the property above mentioned is not satisfactory to the purchaser, I am not to be held responsible for any damages whatsoever, but I will agree to pay up to the amount of $150 to cure any defect that may be found in the title to either piece of property. If the titles are satisfactory to the purchaser and a sale of both pieces is finally concluded, I agree to pay you $1,000 for your commission on both sales. In other words, you are to only receive $1,000 when the trade is closed. Unless these sales are closed and completed, and all the terms thereof complied with within 15 days from date this agreement shall be void."

Before the parties entered into this agreement appellant had found a prospective purchaser and the terms of the agreement were suggested, virtually dictated, by this purchaser through appellant. Appellee employed an attorney to make abstracts of title, but the attorney was unable to complete them within the time limited by the agreement; no negligence, fault, or fraud being charged to him or appellee on account of the delay. After the time limited by the contract had expired appellee continued to urge the attorney to hasten the completion of the abstracts. They were completed at last and delivered to appellant for consideration by his client, but before the titles thus shown were passed upon appellee learned who the prospective purchaser was, that he was a "rich man," refused to sell to him for the price stipulated in the agreement, after which appellant's client refused to treat further with appellee.

Manifestly appellant did not earn a commission under the terms of the contract in writing; for the time limited by the contract expired without a sale "closed and completed" as it provided. Nor has there been any sale since then. The evidence tended to show that for a time after the expiration of the limit provided by the contract in writing the parties to this cause continued uninterruptedly to negotiate as if the contract were still

[Western Railway of Alabama v. Turrentine.]

in force. If a sale to appellant's client had followed in consequence and appellee had thus accepted the benefit of appellant's efforts notwithstanding the expiration of the written contract, as was the case in *Bailey v. Padgett*, 195 Ala. 203, 70 South. 637, appellee would have been liable for the stipulated commission. But, the contract not having been performed according to its terms, appellee had the right thereafter to revoke any agency by mere implication and deal with the property on any terms that did not involve an appropriation of the benefit of what appellant had done.—*Hughes v. Daniel*, 187 Ala. 41, 65 South. 518; *Alexander v. Smith*, 180 Ala. 541, 61 South. 68; *Handley v. Shaffer*, 177 Ala. 636, 59 South. 286.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.