(81 South. 51)
EMPIRE SECURITIES CO. v. WEBB.
(6 Div. 855.)

(Supreme Court of Alabama. Jan. 16, 1919. Rehearing Denied Feb. 6, 1919.)

1. BROKERS ⬤⟞67(2)—COMPENSATION—DUAL AGENCY.

A broker may be the agent of both principals, if that be the understanding between all parties, but he cannot be openly the agent of one and secretly the agent of the other, and claim compensation from both.

2. BROKERS ⬤⟞88(1) — ACTIONS FOR COMPENSATION—EVIDENCE—SUBMISSION TO JURY.

In an action by a broker, the question of the right to recover compensation and the amount thereof were properly submitted to the jury.

3. EVIDENCE ⬤⟞159—PAROL—PROOF OF EXISTENCE.

The existence of a deed may be shown by parol, without its production or accounting for its absence, where there is no attempt to prove its contents or its legal effect.

4. TRIAL ⬤⟞76—EVIDENCE—ADMISSIBILITY—TIME OF OBJECTION.

An objection to a question calling for inadmissible testimony, not made until after the question is answered, is too late.

5. BROKERS ⬤⟞85(8) — ACTIONS FOR COMMISSION—EVIDENCE—ADMISSIBILITY.

In an action by a broker to recover compensation, where defendant had introduced proof as to the date of proceedings in another suit affecting title to the land, and of the parties to it, etc., the record of such case was admissible to contradict or explain that evidence.

6. BROKERS ⬤⟞85(8)—ACTION FOR COMPENSATION—EVIDENCE—ADMISSIBILITY.

In action by a broker for compensation, the record in another suit against defendant *held*

admissible, since it may have involved title to lands exchanged, and preventing the title from being merchantable, thus showing that the failure to consummate the exchange was the fault of defendant and not of plaintiff.

**7. Appeal and Error ⬤⟿837(2) — Review — Record.**

In a suit by a broker for commission, where the exchange was not consummated because of defects in title, the appellate court cannot determine whether a certain suit was a lis pendens, where the record thereof is not presented.

**8. Brokers ⬤⟿85(7)—Action for Compensation—Evidence.**

In an action by a broker for compensation, in which defendant claimed fault of plaintiff in not procuring a person able and willing to make the agreed exchange, in that such party did not show a good and merchantable title to his lands and that the cause of failure of negotiations was not any defect in defendant's title, because of pending litigation, a letter *held* admissible to show that the third party, who was to make the exchange, had notice of such defect in title.

**9. Brokers ⬤⟿48—Action for Commission—Party Procured—Variance.**

In an action by a broker for commission, it was wholly immaterial whether the party procured as able and willing to purchase was an individual or a company.

**10. Brokers ⬤⟿88(7)—Action for Compensation—Instructions.**

In an action by a broker for compensation for negotiations for an exchange, which failed because of defects in title, a requested instruction, using the word "complete" abstract, which it was not in the agreement to furnish, was properly refused, the parties having understood there were one or more incumbrances on each piece to be exchanged, for the phrase "complete" abstract might have instructed the jury that one showing perfect title was required.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by M. F. Webb against the Empire Securities Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. T. Hill and Haley & Haley, all of Birmingham, for appellant.

Thomas J. Judge, of Birmingham, for appellee.

MAYFIELD, J. The action is by appellee, a commission merchant, or broker, against appellant, his principal, to recover his commission or compensation for procuring a purchaser able and willing to buy the property of the principal.

The complaint contained two counts, one declaring on an express contract, the other on a common count for work and labor done. The trial was had on the general issue as to these counts, and resulted in a judgment for the plaintiff, from which defendant appeals.

It appears from the express contract that a sale of the principal's property for cash was not contemplated, but only an exchange of city or suburban property for farm lands, and that each party, plaintiff's principal and the owner of the farm lands, was to furnish to the other a good and merchantable title. The agreement to exchange the lands of appellant for farm lands in Louisiana was in writing. Plaintiff claims that he, by this contract, procured a purchaser able and willing to make the exchange, but that consummation was prevented by the fault of appellant in failing to furnish a good and merchantable title to its property to be exchanged, and not on account of any fault of plaintiff. Appellant, on the other hand, contends that plaintiff failed to furnish a purchaser who was able and willing to purchase or exchange on the agreed terms; that plaintiff, or the other party failed to furnish a good and merchantable title to the property to be exchanged, and that they furnished no abstract of title at all to the farm lands to be exchanged; and therefore it did not appear that there was a good and merchantable title, and hence appellant was not placed under any duty to make the exchange.

### Opinion.

[1] The office of a real estate broker is usually to bring two principals together, in order that they may negotiate with each other and trade as to lands on such terms as may be agreed upon between them. The broker may be the agent of both principals, if that be the understanding between all parties. He may be employed by one principal to procure a purchaser, and by the other to procure a seller, or an exchange of lands, as in this case, and each may agree to pay him a commission; but the fact that he is so acting as the agent of both parties must be known to each. He cannot be openly the agent for one and secretly the agent of the other; his dual relation and duties to each must be known to both principals in order to hold both parties as to his contract of agency and compensation for services. The law applicable to this case, as to whether or not this plaintiff was entitled to recover his commission from appellant, as his principal, for services as a broker, is well stated by Justice Somerville in the case of Handley v. Shaffer, 177 Ala. 636, 59 South. 286, and it is useless to now restate these principles.

[2] If the plaintiff's evidence be true, he was entitled to recover the amount of the judgment. This being true, the question as to the right of recovery vel non, and the amount thereof, were properly submitted to the jury. Under some phases of defendant's evidence, the plaintiff was not entitled to re-

cover under the count declaring on the express contract, because defendant denied making the contract, or agreeing to pay commission under any circumstances. The undisputed evidence, however, did show that plaintiff, with the consent, if not the express request, of defendant interested himself in effecting the exchange of the lands, and that he spent time and did work and service in trying to consummate the exchange.

[3] The plaintiff was allowed, over defendant's objection, to testify that one of the parties to the exchange, or a third party, "made a deed." There was no attempt thereby to prove the contents of the deed, or the legal effect of a deed or any other instrument. It was but a prelude or introduction of other proof to follow. The factum of a deed, that is, its existence, may be shown in this manner by parol, without its production or accounting for its absence, where there is no attempt to prove its contents, or its legal effect. Hancock v. Kelly, 81 Ala. 368, 2 South. 281.

[4] The question to the witness Malone as to what property the deed described was objectionable, and it would have been error to have overruled the objection, if it had been seasonably made; but the bill of exceptions shows it was not objected to until after it was answered. A party is not allowed to thus speculate on the answer. Kramer v. Compton, 166 Ala. 216, 52 South. 351; 5 Mayf. Dig. p. 419, § 75.

[5, 6] There was no error in admitting in evidence the record from the chancery court of Jefferson county in M. & M. Nat. Bk. v. Mrs. Enslen and Empire Securities Company. Defendant, appellant here, had introduced proof as to the date of the proceedings, the parties to it, etc., and the record would be admissible, if for no other purpose, to contradict or explain that evidence. It was also admissible because the suit may have involved the title to the lands to be exchanged, and hence would require the party making the exchange for it to take it lis pendens, and hence tended to prevent the title thereto being merchantable. If this be so, this would tend to show that the failure to consummate the exchange was the fault of appellant, or its agents, and not of the plaintiff, or the other party to the exchange. It is argued that it is not made to appear that the record showed a lis pendens.

[7] The trouble with this argument is that the record in the chancery court is not before us, and we cannot put the trial court in error, without knowing the contents of the record. It is not improper to say, however, that it is made to appear, from other parts of the transcript, and facts admitted in argument, that the chancery record did tend to show, if it did not in fact show, a lis pendens as to the lands of appellant.

[8] There was no error in allowing plaintiff to introduce in evidence the letter written by Mr. Allen to Mr. Lockhart. The court limited the purpose and object of the evidence to show that Mr. Allen notified his client of the pending suit, involving the title to appellant's lands which it desired to exchange. Appellant, defendant below, claimed that the failure to consummate the sale or exchange was due to the fault of plaintiff in not procuring a person able and willing to comply with the agreed terms of exchange, in that such proposed party did not show a good and merchantable title to his lands, and that the cause of the failure was not any defect as to the title of defendant's property, in that there was a pending suit involving the title thereto, as claimed by plaintiff. The letter was therefore admissible to show that the third party, who was to make the exchange, had notice of the alleged defect in appellant's title, viz. the lis pendens. This was necessary to show, or tend to show, that the lis pendens, as to appellant's title, was the proximate cause of preventing the consummation of the exchange, as agreed; that is, that the failure of the exchange was due to the fault of appellant, and not of plaintiff or the other principal.

[9] There is no merit in the insistence that there was a material variance as to the party with whom the exchange was to be made. It was wholly immaterial whether the party was J. F. Dinkins, an individual, or the Dinkins Company, if either party was able and willing to comply with the proposed terms of exchange. There was no agreement on the part of the plaintiff that he would obtain the one or the other, or any particular party. Hence, if plaintiff obtained either, or both, who was able and willing to comply with the appellant's proposed terms of exchange, and the exchange failed by reason of appellant's fault, the plaintiff was entitled to recover.

These were all questions for the jury, and there was no error in submitting them to the jury with proper instructions, as was done.

[10] There was no error in refusing charge No. 3, requested by appellant. There was evidence from which the jury might have inferred a waiver of the right to demand an abstract. If there had been such a waiver, then of course the charge was bad. The charge also uses the word "complete" abstract, which was not in the agreement to furnish. The agreement shows that both parties understood that there was one or more incumbrances on each piece of property to be exchanged, and contracted with this knowledge; hence the phrase "complete" abstract might have instructed the jury that an abstract showing a complete or perfect title was required.

There was no error in denying the motion for a new trial. There was ample evidence to support the verdict, and we are not suffi-

ciently shown any other reason why a new trial should be awarded.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.