(96 South. 920)

**DANCY et al. v. BAKER.** (8 Div. 496.)

(Supreme Court of Alabama. May 3, 1923. Rehearing Denied June 28, 1923.)

**1. Brokers ⬅88(3)—Question of defendants' knowledge that purchasers came as result of renewal of broker's efforts held for the jury.**

In broker's action for commission, evidence *held* to make question for jury, as to whether defendants knew, when sale was made, that purchasers came to negotiate for the land by reason of plaintiff's renewal of his efforts in that behalf.

**2. Brokers ⬅56(3) — Owners held liable, though they did not know purchasers came as result of broker's negotiations.**

If broker was employed to procure purchaser for percentage of the purchase price, and was procuring cause of sale made directly by the owners, their knowledge or notice that purchaser came as result of broker's efforts was immaterial.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Brokers ⊂∞85(1)—Evidence of efforts by broker, and owners' knowledge thereof relevant on question of agency.**

In broker's action for commissions, where defendants denied plaintiff was their agent, evidence in regard to all his efforts to find a purchaser and defendants' knowledge thereof, was relevant.

**4. Appeal and error ⊂∞1064(1)—Instruction referring only to procuring of offer by broker and not to acceptance, held not prejudicial.**

Instruction that, to earn commissions, broker need not participate in negotiations between vendor and vendee, and that it was enough that he was efficient cause of the "offer to purchase," but saying nothing about acceptance of the offer, *held* at most misleading and not prejudicial, where jury fully understood that there must be completed sale.

**5. Trial ⊂∞296(2) — Instruction that broker must be an efficient cause held not prejudicial, when jury instructed that he must be procuring cause.**

Instruction that it was sufficient that broker was "an efficient cause" (instead of "the efficient cause") of offer to purchase *held* not prejudicial, where jury were fully instructed in other charges that plaintiff must be the procuring cause.

**6. Brokers ⊂∞88(10)—Instruction as to what would constitute broker the procuring cause not erroneous.**

Instruction that to be procuring cause of sale it was not necessary that broker should himself have conducted all negotiations culminating in sale, and that it was enough if he set in motion machinery by which work was done, was not erroneous.

**7. Trial ⊂∞191(3)—Instruction held not erroneous as assuming that broker was procuring cause of sale.**

Instruction that if, at time of sale, owners knew broker had resumed negotiations with purchasers and was procuring cause of their offer to purchase, then there was no obligation on broker's part to notify them of such resumption of negotiations was not reversible error, as assuming that broker was procuring cause, where, in other charges, jury was required to find this as a fact.

**8. Trial ⊂∞260(1)—Refusal of charges substance of which was covered, not error.**

The refusal of requested charges, which, in substance, were covered by the oral charge or other charges given for the same party, was not error.

Anderson, C. J., dissenting.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Action by T. L. Baker against Mary Lou Dancy and Unity D. Dancy. From a judgment for plaintiff, defendants appeal. Affirmed.

The following, among other, charges were given for the plaintiff:

"13. To earn commissions for finding a purchaser, the broker need not participate in the negotiation between vendor and vendee. It is enough that he is 'an efficient cause of the offer to purchase. He need not be the sole cause."

"1. To be the procuring cause of the sale, it was not necessary that plaintiff should himself have conducted all the negotiations culminating in the sale of the property. It was enough if he set in motion the machinery by which the work was done."

"B. If at the time of the sale to Bond Bros. on January 11, 1918, the defendants knew, or had notice, that Baker had resumed negotiations with Bond Bros., and that he was the procuring cause of Bond Bros.' offer to purchase, then there was no obligation on Baker's part to notify the defendants of any resumption of negotiations with Bond Bros."

E. W. Godbey, of Decatur, and Jas. J. Mayfield, of Montgomery, for appellants.

Defendants were entitled to the general affirmative charge, because they had not been apprised within a reasonable time of any activity on the part of Baker. Dancy v. Baker, 206 Ala. 236, 89 South. 591; Rawls v. Carlisle, 208 Ala. 164, 93 South. 820; Handley v. Schaffer, 177 Ala. 636, 59 South. 292; Morris v. Clark, 202 Ala. 324, 80 South. 406; Alford v. Creagh, 7 Ala. App. 358, 62 South. 259; Quist v. Goodfellow, 99 Minn. 509, 110 N. W. 65, 8 L. R. A. (N. S.) 156, 9 Ann. Cas. 431; Wiggins v. Wilson, 55 Fla. 346, 45 South. 1014; Skinner v. Douville, 57 Fla. 180, 49 South. 125. A charge declaring it to be sufficient if the agent was merely an efficient cause is erroneous. Alford v. Creagh, supra; Sibbald v. Bethlehem, 83 N. Y. 378, 38 Am. Rep. 450; Earp v. Cummins, 54 Pa. 394, 93 Am. Dec. 718; Gleason v. Nelson, 162 Mass. 245, 38 N. E. 497. The giving of charge B, assuming a material and controverted fact, was reversible error. Thompson v. State, 30 Ala. 28; Herges v. State, 30 Ala. 45; McDougald's Adm'r v. Rutherford, 30 Ala. 253; Jones v. Fort, 36 Ala. 449.

Callahan & Harris, of Decatur, for appellee.

If Baker was the defendants' agent to find a purchaser, even on specified terms, and he was the procuring cause of Bond Bros.' offer to purchase, then, if the defendants knew or had notice that Bond Bros. was Baker's customer, they had no right to deal with them independently and without notice to plaintiff conclude a sale upon different terms, and defeat plaintiff's right to commissions or at least reasonable compensation. Baker v. Dancy, 206 Ala. 236, 89 South. 591; Rawls v. Carlisle, 208 Ala. 164, 93 South. 820; Davis v. Clausen, 2 Ala. App. 378, 57 South. 79; Smith v. Sharpe, 162 Ala. 438, 50 South. 381, 136 Am. St. Rep. 52; Handley v. Shaffer, 177 Ala. 636, 59 South. 286. To earn commissions for finding a purchaser, the broker

need not be present and participate in the negotiations between vendor and vendee. It is enough that he is an efficient cause of the offer to purchase. Alexander v. Smith, 180 Ala. 541, 61 South. 72; Handley v. Shaffer, supra.

GARDNER, J. Appellee, a real estate broker located in Decatur, Ala., recovered judgment against the appellants for commissions growing out of the sale of certain real estate known as the Dancy Place, situated a few miles from Decatur. A sufficient outline of the facts concerning this sale and the plaintiff's participation therein will be found in the statement of the case on the former appeal, and need not be here reproduced. Dancy et al. v. Baker, 206 Ala. 236, 89 South. 590.

The record upon the former appeal was construed by this court as only disclosing that Baker's agency was to find a purchaser at a stipulated price, and that the relations between Baker and Bond Bros. had terminated in September, 1917, four months prior to the sale to Bond Bros. by defendants. In this state of the record the court held that, as defendants were not shown to have had any knowledge or notice of the fact that Bond Bros. came to negotiate for the purchase of the land by reason of the renewal of plaintiff's efforts in that behalf, defendants were therefore entitled to the affirmative charge.

[1] The evidence discloses that Bond Bros. had been referred to in conversation between the parties to this litigation as the "rich gentlemen from Kentucky." Upon the last trial of the cause plaintiff testified he met one of the defendants (Miss Mary Lou Dancy) on the "pike" during the latter part of October or the first of November, just preceding the sale in January, and that Miss Dancy asked him how he "was progressing with those rich gentlemen from Kentucky"; to which he replied they were not ready to pay the price she asked, and he told her he had been in touch with them. The evidence justifies the inference that the defendants knew of Baker's previous negotiations with Bond Bros. and of his efforts to consummate a sale to them. Mr. Bond, testifying upon this last trial, stated that when they went to see the defendants in regard to this purchase they introduced themselves as the parties that Mr. Baker had taken over the land two years previous, stating they had been trying to buy the land and had come back to look it over. He further stated that he told them he had seen Mr. Baker in town, and that he was not able to come out, and that on the day the trade was closed he (Bond) stated to one of the defendants, "I suppose you will take care of Mr. Baker in this connection," to which they replied that Mr. Baker had nothing to do with the sale, that they had taken it out of his hands some time

before, and they could not understand why Mr. Baker "was still trying to handle this land." All this conversation was previous to the sale.

It was conceded upon the former appeal that the evidence was sufficient for the jury to find that Baker was the efficient procuring cause of this sale.

[2] Without entering into any discussion of the evidence as presented upon this appeal [more extensive in detail than in the former record], we are persuaded that the evidence upon this second trial was sufficient for submission to the jury of the question as to whether or not the defendants at that time had notice of the fact that Bond Bros. came to negotiate and pay for the land by reason of the renewal of plaintiff's efforts in that behalf. We therefore conclude that the affirmative charge was properly refused upon the second trial, even upon the theory treated by this court upon former appeal. We are of the opinion, however, that the affirmative charge was properly refused upon another phase presented by the tendency of all the evidence upon the second trial to the effect that the contract between the plaintiff and the defendants was that he should procure a purchaser, and his commissions were to be 5 per cent. of the amount of the purchase price. If such was the agreement between the parties, and the jury should find that the plaintiff was the procuring cause of the sale, the knowledge or notice of that fact by defendants would be immaterial. Dancy v. Baker, supra.

[3] The defendants denied that Baker was their agent, and we are of the opinion that the evidence, in regard to all of his efforts to find a purchaser for this property and the knowledge of defendants thereof, was therefore relevant, and the court committed no error in its admission.

The insistence of counsel for appellant for reversal of the cause upon the action of the court in overruling the motion for new trial, upon the ground the verdict was contrary to the overwhelming weight of the testimony, has been given most careful consideration by the court. This is the second verdict which has been rendered for the plaintiff in this litigation. There is nothing in this record indicating anything which might appeal to the passion or prejudice of the jury. We have not overlooked the additional or extended testimony upon the second trial, and have duly weighed the criticism of counsel for appellant in reference thereto, in connection with the explanations made. A discussion of these questions of fact would serve no useful purpose, and the rule by which this court is guided in the determination of these questions is well understood and needs no repetition. Suffice it to say that upon a careful consideration the conclusion has been reached that the judgment should not be disturbed upon this ground.

We have reached a like conclusion as to the question of excessiveness in the amount of the verdict. The ground of the motion for new trial based upon newly discovered evidence rests confessedly upon the forgetfulness of defendants, and shows such a lack of diligence as to require no further discussion.

[4, 5] The action of the court in giving charge No. 13 for the plaintiff was not reversible error. It is insisted that the charge is erroneous in using the expression "offered to purchase," ignoring any acceptance of the offer. We think it clear, however, that the jury fully understood that, in order to earn commissions there must be a completed sale, and that at most the charge could only be held to have a misleading tendency, which, however, was of such a character as to be entirely without prejudice to the defendants.

This observation also applies to the criticism "an efficient cause," as used, instead of the efficient cause. Such an expression— as found in the charge—appears to have been repeated by the court on the former appeal of this cause, and the jury were fully instructed both in the oral charge of the court, and the given charges, that, in order for the plaintiff to recover, he must be the procuring cause of the sale.

[6] Charge 1, given for the plaintiff, met the approval of this court in the case of Handley v. Shaffer, 177 Ala. 636, 59 South. 286.

[7] Charge B, given for the plaintiff, was criticised upon the ground that it assumes that Baker was the procuring cause of Bond Bros. purchasing, while defendants insist there is evidence tending to show that W. F. Garth was in fact the procuring cause of the sale. It is clear that this charge merely attempted to instruct the jury as to a condition upon which no obligation rested upon Baker to notify the defendants of any resumption of the negotiations with Bond Bros., and that this was the only purpose of the charge. We do not think the charge attempts to instruct the jury as to any facts or was calculated to be construed by the jury as assuming the establishment thereof. At most, it may be said the charge has a misleading tendency in this respect, but it very clearly appears the jury were not misled thereby. The court in its oral charge was careful to make it clear to the jury by repeated statements that, in order to find for the plaintiff, it must be found that he was in fact the procuring cause of the sale, and in addition thereto gave the following charges at defendants' request, which bear upon this question:

"30. If the plaintiff was not the direct, efficient, procuring cause of sale to Bond Bros., he is not entitled to commissions or compensation, and in that event your verdict should be for defendant.

"32. If W. F. Garth was the active, direct and efficient procuring cause of the sale to Bond Bros., then the verdict must be for defendant, whether Bond Bros. first heard of the land through Baker or not.

"36. If Garth was the direct procuring cause of the sale and Baker merely the remote, indirect, and accidental cause of the sale, the verdict must be for defendants."

We are therefore of the opinion no reversible error is shown in giving this charge.

[8] Defendants' refused charges 37, 38, and 39 were covered in substance by charge 40, given at their request. Moreover, these charges appear to ignore that phase of the case established by some of the evidence for the plaintiff, to the effect that he was employed as a broker merely to find a purchaser without regard to a stipulated price.

Without regard to any question as to the correctness of refused charge D, its substance was embraced in charge G, given for the defendants. This observation likewise applies to charge 13, refused to the defendants, the substance of which was covered by given charges 8 and 28 for the defendants. So, also, refused charge P was covered by charge G given for the defendants.

Pretermitting any consideration as to the correctness of charge 12 refused to the defendants, its substance was fully covered by the oral charge of the court.

Under the heading of refused charges, counsel for appellants have argued charge 24. Defendants' charge 24 is shown by the record to have been given, and we find no assignment of error rested upon a refusal of such numbered charge.

We have here considered the material questions presented and argued upon this appeal, and, finding no reversible error, the judgment of the court below will be here affirmed.

Affirmed.

SAYRE, SOMERVILLE, THOMAS, and MILLER, JJ., concur.

ANDERSON, C. J., is of the opinion that charge B, given for the plaintiff, was error. He thinks that the charge assumes a materially contested fact in the case, and, being erroneous rather than merely misleading, that it was not and could not have been neutralized by the oral or other charges, and therefore dissents.

McCLELLAN, J., not sitting.