(101 So. 732)

### FERRELL v. MONTGOMERY.
### (2 Div. 849.)

(Supreme Court of Alabama. Oct. 23, 1924.)

1. Estoppel ⬅94(1)—Broker's failure to inform owner he was procuring cause of owner's direct sale held to defeat right to commission.

Broker who stood by and in silence permitted defendant to sell timber through another agent, in belief that no commission was to be deducted from net price, *held* not entitled to commission, notwithstanding he procured the purchaser.

2. Brokers ⬅88(10)—Instructions given for owner where defense was lack of knowledge of broker's participation in owner's direct sale held not error.

In action for commission on sale by defendant, where defense was defendant's lack of knowledge that buyer was procured by plaintiff, charges given submitting defense *held* not erroneous.

3. Brokers ⬅85(1)—Admission of testimony of owner in support of defense of lack of knowledge of broker's participation in direct sale held not error.

In action for commission on sale by defendant, where defense was defendant's lack of knowledge that buyer was procured by plaintiff, admission of defendant's testimony to that effect *held* not error.

Appeal from Circuit Court, Greene County; Fleetwood Rice, Judge.

Action for broker's commission by E. E. Ferrell against L. H. Montgomery. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

On the examination of defendant as a witness he was asked: "Did Mr. Ferrell or Mr. Byrd or anybody else ever tell you Mr. Ferrell was dealing with Mr. Byrd as the purchaser of this property?" and answered: "He did not." And this question: "Did Mr. Byrd or the J. T. Horn Veneer Company, or Mr. Ferrell or anybody else, ever inform you that Mr. Byrd was the agent of the J. T. Horn Veneer Company?" and answered: "No, sir, they did not." The overruling of objections to these questions and motions to exclude the answers constitute the basis of assignments 10, 11, 12, and 13.

Charges 5 and 6, given at the request of defendant, are as follows:

"(5) Although you may believe from the evidence that Ferrell induced John Byrd to induce the J. T. Horn Veneer Company to buy this timber in question, you cannot return a verdict for the plaintiff unless you are reasonably satisfied that the defendant knew that John Byrd was representing the J. T. Horn Veneer Company.

"(6) Unless you are reasonably satisfied from the evidence in this case that Ferrell induced the J. T. Horn Veneer Company to buy this timber in question, and that defendant had knowledge, before the consummation of the trade, of such fact, your verdict should be for the defendant."

J. F. Aldridge, of Eutaw, for appellant.

Counsel argues for error in rulings on admission of evidence and giving of charges for defendant, and cite Handley v. Shaffer, 177 Ala. 636, 59 So. 286; Alexander v. Smith, 180 Ala. 541, 61 So. 68.

Hildreth & Hildreth, of Eutaw, and R. B. Evins, of Birmingham, for appellee.

The broker must notify the principal when he has found a customer. 9 C. J. 615; Sharpley v. Moody & Co., 152 Ala. 549, 44 So. 650; Handley v. Shaffer, 177 Ala. 636, 59 So. 286. While the agent should in all cases be entitled to commissions honestly earned, the owner of the property should not be at the mercy of an agent of whose pretended participation he has no notice. Anderson v. Smythe, 1 Colo. App. 253, 28 P. 478; Nance v. Smyth, 118 Tenn. 349, 99 S. W. 698; Cathcart v. Bacon, 47 Minn. 34, 49 N. W. 331; Tinges v. Moale, 25 Md. 480, 90 Am. Dec. 73; Baars v. Hyland, 65 Minn. 150, 67 N. W. 1148; Glascock v. Vanfleet, 100 Tenn. 603, 46 S. W. 449; Helling v. Darby, 71 Kan. 107, 79 P. 1073; Clark v. East Lake Co., 158 N. C. 139, 73 S. E. 793; Henry v. Harker, 61 Or. 276, 118 P. 205, 122 P. 298; Bur-

nett v. Edling, 19 Tex. Civ. App. 711, 48 S. W. 775.

THOMAS, J. The suit was by a broker or real estate agent for commission on the sale of standing timber. The important question is presented by the rulings on evidence and the giving of defendant's charges, and is whether plaintiff was required to give notice to defendant that he had procured the J. T. Horn Veneer Company as the purchaser.

A question similar to that presented by this evidence is decided in Sharpley v. Moody & Co., 152 Ala. 549, 44 So. 650. The second headnote in that case thus states the holding:

"Where a real estate agent with whom property is listed for sale merely procures another to look at the property with a view to buying, and it is not made to appear that the owner of the property knew or could have known that the agent had shown the property to such a person, on a sale of the property by the owner to such person the agent is not entitled to his commissions for making the sale."

See the general authorities collected in 9 C. J. 615.

In Handley v. Shaffer, 177 Ala. 636, 652, 59 So. 286, 291, it is declared:

"Nor is it ordinarily material to the question of the broker's right to compensation that his vendor-principal did not know that the purchaser who he has accepted was procured by the broker. 19 Cyc. 264; 4 Am. & Eng. Ency. Law, 980; notes to Quist v. Goodfellow (Minn.) 9 Ann. Cas. 431, 8 L. R. A. (N. S.) 153; Lloyd v. Matthews, 51 N. Y. 124. Special circumstances may, however, impose upon the broker the duty of informing his principal that a person with whom the latter is negotiating is a customer sent by the broker, if such information is obviously necessary to enable his principal to protect himself against deception, imposition, and loss."

[1] The special circumstances of this case are that in the presence of the plaintiff and one Byrd the defendant told the agent of the J. T. Horn Veneer Company, the purchaser, that he would not sell the timber except for $12,000 net, and that said agent said that he would pay cash in that sum, and pay Byrd's commission, and this was accepted by the vendor. With such knowledge in his possession, it then became the duty of the plaintiff to assert his claim for additional commission out of said net purchase price. This he did not do. By his silence he permitted the owner of the timber to sell the same with the belief that in arranging (with plaintiff's knowledge) to pay a commission to Byrd, defendant was relieving himself from any commissions to be deducted from the $12,000 net price. There is a guilty or negligent silence that

binds. Ivy v. Hood, 202 Ala. 121, 79 So. 587.

This is not contrary to the rule that the agent should in all cases be entitled to payment of commissions honestly earned; yet it is necessary that the owner of property be protected from an alleged agent of whose participation he had no notice.

[2, 3] There was no error in giving charges 5 and 6, at defendant's request, and in allowing testimony made the subject of assignments of error Nos. 10, 11, 12, and 13. Plaintiff, in giving his version of the contract, said that the defendant stated (as a part of their contract) "that if in the meantime he himself got a chance to sell the timber he would go ahead and sell it; that this was satisfactory to both of them and constituted the agreement."

It is unnecessary to consider other questions, as it is clear plaintiff was not entitled to recover.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.