## ELLISON et al. v. SUDDUTH REALTY CO.
### (6 Div. 90.)

Supreme Court of Alabama. March 29, 1928.

**1. Brokers ⬤⟹55(1)—Owner may openly list property with several brokers, paying only one who produces purchaser if owner remains impartial.**

Person may openly place property with as many brokers as agents to sell it as he sees fit, and pay only one who first produces bona fide purchaser under terms of listing, and in such case owner is not liable for double commission if he remains impartial and neutral in conduct toward several agents competing and working to same end with knowledge of facts.

**2. Brokers ⬤⟹55(1)—Owner listing property with several brokers who remains neutral may sell without being called upon to arbitrate brokers' conflicting claims.**

Owner of property listing same with several brokers who remains neutral as between them may sell to purchaser produced by one of brokers, without being called upon to arbitrate conflicting claims of brokers.

**3. Brokers ⬤⟹55(1)—Where two brokers are employed being cognizant of that fact, one effects sale who first brings minds of parties in agreement.**

Where two brokers are employed and fact of such other agency only is disclosed to said brokers, one effects sale who first brings minds of parties in accord or agreement, though terms be different upon which several brokers sought to make sale.

**4. Trial ⬤⟹253(10)—In action to recover broker's commission, instruction held properly refused as failing to hypothesize double listing.**

In action to recover real estate broker's commission, refusal of requested instruction that if you are reasonably satisfied from evidence that defendants had contracted to sell property in question prior to February 11, 1926, then your verdict should be for defendant, *held* justified, if requested, on evidence tending to show double listing for failure to hypothesize double listing, good faith and neutrality of

seller as affecting rights of plaintiff and others or several brokers having property for sale.

Certiorari to Court of Appeals.

The Sudduth Realty Company had judgment against C. L. Ellison and M. J. Ellison in an action to recover real estate broker's commission, and defendants appealed to the Court of Appeals. The judgment being there affirmed, defendants now apply to the Supreme Court for certiorari to the Court of Appeals to review and revise said judgment and decision of that court in Ellison et al. v. Sudduth Realty Co., 116 So. 331. Writ denied. .

Charge 7, refused to defendant, is as follows:

"7. If you are reasonably satisfied from the evidence that the defendants had contracted to sell the property in question prior to February 11, 1926, then your verdict should be for the defendant."

Beddow & Ray, of Birmingham, for petitioners.

A person may list his real property with as many brokers as he deems fit, but it is the broker who first produces a buyer that is ready, able, and willing to purchase on the terms of the seller that becomes entitled to the commission. Freedman v. Havemeyer, 37 App. Div. 518, 56 N. Y. S. 97; Paige v. Powers, 215 App. Div. 721, 212 N. Y. S. 435. Where several brokers are employed to sell real estate, the seller is under no duty to disclose to one broker his negotiations with others, and the seller may make the sale to a purchaser procured by any one of the brokers without liability to other brokers who had nothing to do with procuring the purchaser. Vreeland v. Vetterlein, 33 N. J. Law, 247.

Black & Fort and Wilkinson & Burton, all of Birmingham, for appellee.

Brief did not reach the Reporter.

THOMAS, J. The decisions by this court are, where the suit was for commissions alleged to have been earned on sales by real estate brokers, resulting from exclusive listing of the property with one broker or agent, Handley et al. v. Shaffer, 177 Ala. 636, 59 So. 286; Hale v. Brown, 211 Ala. 106, 99 So. 645; Culver v. Gambill Realty Co., 214 Ala. 84, 107 So. 914; Ferrell v. Montgomery, 212 Ala. 44, 101 So. 732; Jackson v. Berry-Snellings Realty Co., 211 Ala. 174, 100 So. 111; Dancy v. Baker, 209 Ala. 684, 96 So. 920; Id., 206 Ala. 236, 89 So. 590; Ex parte Rawls, 208 Ala. 164, 93 So. 820; Overton v. Harrison, 207 Ala. 590, 93 So. 564; Millican v. Livingston, 207 Ala. 689, 93 So. 620; Berry v. Marx, 206 Ala. 619, 91 So. 583; Garnet v. Gunn, 206 Ala. 471, 91 So. 382; Morgan v. Whatley & Whatley, 205 Ala. 171, 87 So. 846; De Briere v. Yeend Bros. R. Co., 204 Ala. 647, 86 So. 528; Finney v. Newson, 203 Ala. 191, 82 So. 441; Morris v. Clark, 202 Ala. 324, 80 So. 406; Empire Securities Co. v. Webb, 202 Ala. 549, 81 So. 51; El Dorado Coal Co. v. Rust & Shelburne, 202 Ala. 625, 81 So. 567; Clay v. Cummins, 201 Ala. 34, 77 So. 328; Id., 207 Ala. 105, 91 So. 790; Espalla, Jr. & Co. v. Warren, 197 Ala. 601, 73 So. 23; Kellar v. Jones & Weeden, 196 Ala. 417, 72 So. 89; Bruce v. Drake, 195 Ala. 236, 70 So. 273; Bailey v. Padgett, 195 Ala. 203, 70 So. 637; Finney v. Long, 216 Ala. 628, 114 So. 200.

[1] As corollary to the rules declared in exclusive listing is that if several brokers or agents are openly employed, the duty of the seller is performed to each of such brokers or agents if he remains neutral between them, and such owner has the right to sell to a buyer produced by any one of them upon the terms of the several listings, without being called upon to decide between the brokers or agents as to which of them was the primary and moving cause of the purchase. Garret Vreeland v. Bernard Vetterlein, 33 N. J. Law, 247; Sylvester v. Johnson, 110 Tenn. 392, 75 S. W. 923.

[2, 3] A person may openly place his property with as many agents or brokers to sell as he sees fit, and pay only the one who first produces a bona fide purchaser, under the terms of the listings with the several brokers and agents, who is ready, willing, and able to purchase on said terms. In such case the owner and vendor is not liable for double commissions, if he has remained impartial and neutral (and in good faith has not interfered) between the several agents competing and working to the same end with a knowledge of the facts. 9 C. J. p. 616, § 98. This is consistent with the right of alienation of one's property without undue restraint, and that to openly and in good faith employ more than one agent, or to place his property for sale with as many agents or brokers as he sees fit, after acquainting them with the facts of the other agent or terms of sale required of the purchaser. Freedman v. Havemeyer, 37 App. Div. 518, 56 N. Y. S. 97. And if the owner and vendor does remain neutral, as between agents and purchaser, he may sell to a customer or purchaser produced by any one of the agents or brokers without being called upon to arbitrate the conflicting claims of agents or brokers. Jennings v. Trummer, 52 Or. 149, 96 P. 874, 23 L. R. A. (N. S.) 164, 132 Am. St. Rep. 705; Day v. Porter, 161 Ill. 235, 43 N. E. 1073; Friend v. Triggs Co., 147 Ill. App. 427; Vreeland v. Vetterlein, 33 N. J. Law (4 Vroom.) 247. It must be the further rule of law that where two brokers are employed, and the fact of such other agency only is disclosed to said brokers, the one effects the sale who first brings the minds of the parties in accord or agreement, though the terms be different upon which the several

brokers sought to make the sale. Hobbs v. Edgar, 23 Misc. Rep. 618, 51 N. Y. S. 1120; Smith v. McGovern, 65 N. Y. 574; 9 C. J. p. 603. § 88, note 671, § 98, p. 616.

We would infer that the trial was had upon the rules obtaining when there was a single and exclusive listing, the rule of Handley v. Shaffer, 177 Ala. 636, 59 So. 286, being cited and applied. The fact that the insistence of petitioner's counsel as for a double, or not exclusive listing is not sufficient to present the questions arising therefrom to this court. The announcement of the Court of Appeals that the statement made by the reporter sufficiently shows the relation of the parties, when considered with the other facts contained in the opinion, would not warrant this court, under the rules obtaining, in looking to the bill of exceptions as to the character or nature of the listing with plaintiff. The fact remains that the Court of Appeals has passed upon the relation of the parties in submitting to the jury the fact of a "binding agreement" between plaintiff and defendants.

[4] The refusal of defendants' charge No. 7 is justified (if requested on evidence tending to show a double listing), in the failure to hypothesize double listing, good faith and neutrality of the seller as affecting the rights of plaintiff and the other, or several brokers or agents having the property for sale.

Distinction should be observed between suit for commission earned by real estate broker in producing a purchaser, within the terms of a verbal listing, who is ready, willing, and able to comply, and suits for specific performance, where a due observance of the statute of frauds (section 8034, Code) must be shown. Sadler v. Radcliff, 215 Ala. 499, 111 So. 231. The observation by the Court of Appeals, as to this, was in accord with the rule of law obtaining and was a conclusion upon the evidence as to the binding agreement to support plaintiff's right of recovery.

The writ is denied.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.