[Jebeles & Colias Conf. Co. v. Brown.]

# Jebeles & Colias Conf. Co., *v.* Brown.

### *Action to Recover Half Value of Partition Wall.*

#### (Decided June 5, 1906. 41 So. Rep. 626.)

1. *Party Walls; Construction of Contract.*—Where adjoining owners contracted that in consideration of the building of a wall by one partly upon both lots, the other, when he built upon his lot, would pay to the one, one half the cost of the wall, such other, when he built upon his lot was liable to the one for half the cost of the wall, whether he joined to it or not.

2. *Same; Covenants Running With the Land.*—Under a contract to pay one half the cost of the wall to be built by one of adjoining lot owners, in which it is expressly provided that the covenant to make such payment shall run with the land and be binding on the present and future owners of the land, such covenant does run with the land and binds successive owners.

APPEAL from Birmingham City Court.

Heard before HON. CHARLES W. FERGUSON.

Action by the Jebeles & Colias Confectionery Company against W. S. Brown. From a judgment for defendant, plaintiff appeals.

The appellant brought suit in the court below to recover $1,250, the value of one-half of a party brick wall, setting out in full the contract between defendant and plaintiff's vendor. The terms of the contract are sufficiently set out in the opinion of the court. Demurrers were filed to the complaint on a number of grounds, but the material ones, and the ones discussed in the opinion, are: "(1) There is no averment to show that there was any consideration for the alleged agreement on the part of the defendant to pay the plaintiff $1,250 for said half of said wall. (2) There is no averment to show that $1,250 is one-half of the market value of the wall at the time of the bringing of the suit, or on the 12th day of October, 1903. (3) There is no averment to show when the defendant agreed and promised to pay plaintiff $1,250 for one-half of said wall. (4) There

38

is no averment to show that plaintiff was not at the time of the bringing of this suit using and enjoying and retaining the right to use, have, hold, and enjoy the whole of said wall. (5) There is no averment to show that the defendant is using or enjoying the use of said wall." The demurrers were sustained, and, the plaintiff declining to plead over, judgment was rendered for defendant.

POWELL & BLACKBURN, for appellant.—The strongest argument in favor of the position of the appellant is the wording of the agreement itself.—*Shirley v. Burns,* 22 Ky. Law Rep. 788, 58 S. W. 691. The covenant provided for in the agreement runs with the land and binds future as well as the then owners.—*Mott v. Oppenheimer,* 17 L. R. A. 409.

E. J. SMYER, for appellee.—(Counsel discusses the points raised but cites no authorities.)

SIMPSON, J.—This was an action brought by the appellant (plaintiff) against the appellee (defendant) to recover one-half the value of a partition wall, and is based upon the contract which is set out in the record. The arguments of counsel rest the case entirely upon the construction of this contract, while the case went off on the ruling of the court in sustaining a demurrer to the complaint in which such contract is set out. The argument of the appellee (defendant) is that, although the contract states that Mercer should pay for half of the partition wall when he began "to build or got ready to build," yet the evident meaning of the contract was that he was to pay for it only when he availed himself of the use of the wall by joining to it or building on it.

In the interpretation of contracts we must take the contract as it is written by the parties themselves, and we cannot infer that they intended anything other than that which is expressed or plainly indicated by the words of the contract. In this case, the contract starts out by stating that one party is about to build a wall and that both parties desired that the wall shall be built so that

one-half of it shall rest on the lot of each party, and that it is to the interest of each of said parties to so build. This is a plain statement to the effect that each party considered it of some value to him that the wall should be erected in this way. The contract then goes on to state that, in consideration of the premises and the sum of one dollar, the wall shall be so built, and that Mercer (to whose rights and liabilities the appellee succeeds) should pay for half of this wall whenever he built on this lot or got ready to build. We cannot undertake so say what value he attached to the wall, nor why he considered it valuable to himself that the wall should be so built, while we might conjecture that, even if he did not build upon the wall or actually join his wall to it, yet he considered it valuable to him to have the wall there for the benefit of its lateral support to any wall which he might build, though not actually joined to it. However that might be, he has stated the fact that it was valuable to him and he has agreed to pay for it on that contingency, and not on the contingency of his joining to it. It may be further stated that, in this case, the complaint to which the court sustained the demurrer does not state in the last count that "in erecting said building the defendant joined his building to and used said party wall." Without going into the various points that have been raised, and the divergencies on minor matters in regard to covenants running with the land, it is sufficient to state that the decided weight of authority, both in quantity and quality, sustained the proposition that when a party wall is built by one of the adjoining proprietors, under an agreement such as was made in this case, which contained a distinct agreement that the "covenant shall run with the land and be binding on the present or future owners," the covenant does run with the land, and is binding on successive owners, of both covenantor and covenantee.—*Mott et al. v. Oppenheimer et al.*, 135 N. Y. 312, 319, 31 N. E. 1097, 17 L. R. A. 409; *Roche v. Ullman*, 104 Ill. 11, 19.

In Illinois, the case of *Roche v. Ullman*, 104 Ill. 11, was an agreement for building a party wall which was to "run with the land"; the suit being by the party who

had built the wall against a successor to the other party to the covenant, who came into the property after several successive conveyances. The court held that the effect of the agreement was to give to each of the parties an easement on the other's lots "which became appurtenant to their several estates, and would pass to their respective assignees by any mode of conveyance that would transfer the land."—Page 18. And in short the court determined that according to the "decided weight of authority" the last owner of the lot, upon which the burden of paying for one-half of the wall rested, "became bound for the performance of the covenant to pay one-half the cost of constructing the wall."—Page 19. In the case of *Gibson v. Holden,* 115 Ill. 199, 3 N. E. 282, 56 Am. Rep. 146, H. and A., being adjoining lot owners, made the party wall agreement. G. became a successor to H., the party to build the wall, and K., successor to A., the party who agreed to pay. K., desiring to build, filed a bill stating that H. (the original builder) and G. (his successor) each claimed the money, and praying that they be required to interplead. The court held that, while the obligation to pay passed to the successive owners as appurtenant to the land, yet that as to the party who originally built the wall it became a debt due him, and did not pass, but remained a debt due to him, and gave the singular reason that otherwise each successive owner would be entitled to demand payment for half of the wall, although it had been previously paid to his predecessor.—Page 208, 115 Ill., page 285, 3 N. E. (56 Am. Rep. 146). It is clear that no such result would follow. In referring to the case of *Roche v. Ullman, supra,* the court recognizes the correctness of that decision to the effect that the last successive owner was liable to pay for one-half of the wall when the time for payment according to the agreement arrived.—Page 211, 115 Ill., page 287, 3 N. E. (56 Am. Rep. 146). In Massachusetts, the case of *Joy v. Boston Penny Savings Bank,* 115 Mass. 60, was one in which the agreement in regard to the party wall merely authorized one lot owner to build on the line, and the other party agreed that he, his heirs, or assigns would pay for one-half the cost when they used it, and nothing was said about the agreement

(which was not under seal) running with the land. The court held the contract to be a personal one; the court referring to the fact that it was nothing but "a simple contract," and there was nothing in the deed to show an intent that the right to the payment should pass, although it seems to be admitted that the last owner who used the wall "might be held chargeable for the cost of the half so used." In a later case, the agreement did not state that the agreement (which was under seal) should run with the land, but merely that "this agreement shall bind ourselves, our heirs, assigns, and representatives, forever." The court held that the agreement created mutual covenants running with each lot." The court drew the distinction between a merely personal agreement, and one creating "an easement of use and support in favor of each lot owner," and held that "the burden and benefits were inseparably connected" and that the party could no more avoid paying than he could prevent the wall from standing.—*King v. Wright,* 155 Mass. 444, 29 N. E. 644. In the later case of *Pfeifer v. Matthews,* the court recognized the same principle, but held that in that case the same person who owned the adjoining lot and built to the wall became indebted for his half of the wall, and that the purchaser at mortgage sale, who came in thereafter, could not be made liable. The Supreme Court of Indiana held that the covenant to pay for half of a party wall ran with the land, while the question whether the right to receive payment also ran with the land depended "upon the contract," and, as in that case the original builder in conveying his lot specially reserved the right to recieve the compensation, it went to him.—*Conduitt v. Ross,* 102 Ind. 166, 26 N. E. 198. The Supreme Court of Missouri, in a case where the adjoining lot owners made a party wall agreement, with no mention of its running with the land, and not even mentioning heirs and assigns, the court held that the agreement could be enforced in equity between subsequent owners.—*Sharp v. Cheatham,* 88 Mo. 498, 57 Am. Rep. 433. In a previous case that court had decided, in a case where the party wall agreement made no mention of its running with

the land and did not even mention heirs and assigns, that the contract ran with the land, so as to make the owner of the adjoining lot at the time of joining to the wall liable; but, as the contract was merely personal, the right to receive payment did not pass from the original contracting party, as there was nothing in the contract to indicate that intention.—*Huling v. Chester*, 19 Mo. App. 607. The Supreme Court of Minnesota held that it was competent for the parties to make the contract a mere personal obligation, and in the case before that court held that subsequent purchasers of the burden lot took it with the obligation to pay for half of the wall when the condition happened, and that from the language of the contract, the court gathered that the right to receive the money remained with the original builder of the wall.—*Pillsbury v. Morris*, 54 Minn. 498, 56 N. W. 170.

A careful writer in an exhaustive examination of this matter states that "the general interpretation is that, if the builder sells his property before the adjoining lot owner builds, he conveys his vendee title to the whole wall and the right to collect cost of half of the wall from the other when he builds."—Simms on Covenants, p. 217. Our own court has not passed upon the exact question of a party wall agreement, but its deliverances on the subject of covenants running with the land indicate an agreement with the principle before state.—*Robbins v. Webb*, 68 Ala. 393; *Gilmer v. M. & M. Railway*, 79 Ala. 569, 58 Am. Rep. 623; *M. & M. Ry. v. Gilmer*, 85 Ala. 422, 5 South. 138 It will be observed that, in all the agreements referred to in the various cases, the agreements provided for payment when the other party used the wall; but in this case that expression was carefully avoided, and the party was to pay whenever he determined to build on his lot. The demurrer was consequently erroneously sustained.

The judgment of the court is reversed, and the cause remanded.

TYSON, ANDERSON, and DENSON, JJ., concur.