# Bailey *v.* Padgett.

### Assumpsit.

(Decided December 16, 1915.  70 South. 637.)

1. **Brokers; Commissions; Evidence.**—The evidence examined and held sufficient to require a submission to the jury of the question as to whether the wife authorized the sale; the action being against a married woman and her husband to recover commissions for a sale of her land.

2. **Same.**—The owner having refused to make the sale, and a mere demand by the purchaser having been held sufficient, slight evidence of such purchaser's ability to pay for the land is all that is necessary in an action to recover commissions for effecting the sale.

3. **Same; Commissions; Right to.**—The capricious refusal of the principal to accept such a purchaser cannot defeat the right of a broker to his compensation for procuring a purchaser ready, able and willing to buy.

4. **Same.**—Whether a broker has earned his commission by procuring a purchaser is a question of fact, and it is enough that the efforts of the broker acting upon the purchase are the efficient cause of his offer; it not being necessary that such efforts be the whole cause.

5. **Same.**—The acceptance by the principal of the purchaser is conclusive that such purchaser is able, willing and ready to buy.

6. **Same.**—It is not necessary that there be an actual purchase of the property on which an option has been obtained before the broker, who un-

[Bailey v. Padgett.]

dertakes to obtain the option, is entitled to his compensation, where his contract is not for an absolute purchase or sale.

7. **Same.**—A broker employed to effect a sale of land is entitled to his compensation when he procures a person able, ready and willing to buy on the terms specified, and the seller accepts him, although the purchaser may afterwards decline.

8. **Same.**—The fact that the contract of sale was within the statute of frauds is no defense to an action by a broker to recover his compensation for effecting a sale of land.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Edward M. Bailey against Dellie V. Padgett and another to recover compensation for effecting a sale of land. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

BOYLES & KOHN, for appellant. WEBB, MCALPINE & GROVE, for appellee.

MAYFIELD, J.—Appellant sued appellees. The action was on the common counts. The basis of the claim was work and labor done, or services rendered, as broker, in the sale of lands for appellees. The trial was had on the general issue, and the court, at the request of the defendants, gave the affirmative charge for the defendants.

The following recital is taken from the record: "The foregoing bill of exceptions contains all of the evidence which was introduced upon the trial of this cause.

"As soon as the evidence was given, the court gave its oral charge to the jury, and as soon as the court concluded its oral charge to the jury, and before the jury retired, the defendants requested the court to give the following charge, which was in writing, viz.: (3) 'If the jury believe the evidence, they must find for the defendants.' Which written charge the court refused to give and indorsed thereon, 'Refused, Saffold Berney, Judge.'

"The jury then retired and did not bring in any verdict on the 5th day of February, 1915, but came into open court on the morning of February 6, 1915, as soon as the court convened on said 6th day of February, 1915, which said February 6, 1915, was a regular day of the said October term, 1914, of the said law

and equity court of Mobile, and announced to the court that it (the jury) was unable to agree on a verdict, and thereupon the defendants at once requested the court, before the jury retired, to give the following charge, which was in writing, viz.: (a) 'The court charges the jury that if they believe the evidence they must find for the defendants.' Which written charge the court gave and indorsed thereon, 'Given, Saffold Berney, Judge,' to which action of the court in giving the said written charge the plaintiff at once, then and there in open court, and before the jury retired, duly excepted."

We are of the opinion that the trial court erred in so directing a verdict. The right of the plaintiff to recover was a question for the jury, and not for the court.

(1, 2) It is contended by the appellees that the instruction was proper because the plaintiff failed to prove, or to offer evidence tending to prove, that the prospective buyer of the land was "able" to buy, or that one of the appellees, Mrs. Padgett, consented to the terms of sale, or to the employment of appellant. There was sufficient evidence to carry both of these questions to the jury. Though there was no direct evidence of the first, there were other facts in evidence from which the jury could infer such fact, while there was direct proof of Mrs. Padgett's consent. Moreover, appellees' refusal clearly appears not to have been put on the ground that the purchasers were not able to carry out their contract of purchase, but on an entirely different ground. The evidence on this subject was, in part, as follows: While the plaintiff was being examined, the following questions and answers were propounded and elicited: " 'Q. In your conversation with Mrs. Padgett on the 30th of December, was the price and terms mentioned to her? A. Yes, sir; $28,-000, $10,000 cash—$250 down and— Q. And she said anything you and Mr. Padgett did would be perfectly all right to her? A. Everything was good over the phone. I gave her the name of Dr. Daniels. He had been to that place twice before that date, once with me; he had been over the grounds, not all the way over it. This December 31st made the third time. I received the letter now shown to me by my attorney, from Mr. Padgett. This was received in my office on the morning of January 1, 1914.' The plaintiff here introduced said letter in evidence marked as 'Exhibit 3,' said letter being in words and figures

as follows: 'January 1, 1914. Mr. E. M. Bailey—Dear Sir: I am very, very sorry indeed that I must inform you that all negotiations in reference to the sale of lands belonging to Mrs. Padgett for the present are at an end. You are probably aware of the fact that the property belongs to Mrs. Padgett and she refuses to dispose of it now, and I cannot do anything to force her to sell it. I am sorry indeed, but I can't help it. There has been spent in the last few months more than a thousand dollars, besides Mrs. Padgett has bought 5,000 orange trees to set out next month. The place will be platted and some developed portions will be put on the market and I hope you will do the selling. Assuring you of my best wishes and highest regard, I am, Yours truly, [Signed] H. W. Padgett.'—Ex. 3."

In the case of *Baker v. Lehman, Weil & Co.*, 186 Ala. 493, 65 South. 321, the question of the ability of a purchaser to pay was involved, and the court said: "It was competent for plaintiffs to show that they were and had been for many years regularly engaged in the legitimate business of buying cotton, for actual delivery, all over a certain territory, not to show the legitimacy of the instant contract, but as tending to show their means and facilities for handling such business, etc. *   *   *

"Respectable authorities have held that a purchaser's readiness and ability to pay for the goods contracted for is sufficiently shown, prima facie, by his demand for their delivery made upon the vendor at the proper time and place.—*Squier v. Hunt*, 3 Price, 68 (citing *Wilks v. Atkinson*, 1 Marsh. 412); *Biggers v. Pace*, 5 Ga. 171 (citing 2 Wm. Saunders, 352a).

"And it seems to be well settled that very slight evidence is sufficient to show such readiness and ability.—*Hough v. Rawson*, 17 Ill. 588; *Kitzinger v. Sanborn*, 70 Ill. 146; *Bronson v. Wiman*, 10 Barb. (N. Y.) 406 (affirmed in 8 N. Y. 182); *Salmon Co. v. Box Co.*, 158 Cal. 567, 112 Pac. 454. This is, of course, especially true where the vendor has not based his failure to deliver upon the vendee's inability to accept and pay, and there is no serious contention of such inability on the trial."—Pages 503, 505, and 506, of 186 Ala., pages 324 and 325 of 65 South.

It was also shown that plaintiff had had several conversations with Mrs. Padgett, over the phone, relative to the particular sale, and that she not only consented to the terms of the proposed sale, but encouraged it and urged the plaintiff to consummate

[Bailey v. Padgett.]

it, and stated that whatever Mr. Padgett did in the matter would be satisfactory to her.

It is true that the proposed sale was not consummated within the time of the written authority to sell, but there is evidence to show that the time limit was extended to the time at which the sale would have been consummated but for the appellees' subsequent declination to carry it out. And the record shows that this was not the only time one of the appellees had authorized plaintiff to sell the land and, when the latter had procured a purchaser, declined to carry out the agreement.

It was certainly open for the jury to infer that the real reason for their declining to carry out the agreement was that appellees desired a higher price, or declined to sell at their offered terms. While they might have a right so to do, yet they cannot, for such reason, deprive plaintiff of his commissions, and all compensation, for his services as their agent in procuring a purchaser for the lands.

(3-8) The law on this subject is well settled in this state as follows: "The right of a broker to compensation for producing a purchaser ready, able, and willing to buy on the principal's terms, cannot be defeated by the capricious refusal of the principal to accept such purchase.—*Handley v. Shaffer*, 177 Ala. 636, 59 South. 286.

"In determining whether a broker has earned a commission by procuring a purchaser, what amounts to a procurement is a question of facts, and it is enough that the efforts of the broker, acting upon the purchaser, are the efficient cause of his offer to purchase; it not being necessary that such efforts be the sole cause.—*Handley v. Shaffer, supra.*

"The acceptance by the principal of the purchaser is conclusive that the purchaser was able, ready and willing to buy, in determining whether a broker has earned the commission by procuring a purchaser. *Handley v. Shaffer, supra.*"—7 Mayf. Dig. p. 90.

"It is not necessary that there should be actual purchase of the property upon which an option has been obtained before the broker who undertakes to obtain the option on the property is entitled to his compensation, his contract not being an absolute purchase or sale of the property.—*Worthington v. McGarry*, 149 Ala. 251, 42 South. 988.

[Forehand v. White Sewing Machine Co.]

"A real estate agent or broker employed to make a sale of lands on specified terms is entitled to his commission or compensation, when he procures a person who is able, ready, and willing to buy on the terms specified and the vendor accepts him, though the purchaser may afterwards decline.—*Stevens v. Bailey,* 149 Ala. 256, 42 South. 740.

"It is no defense to an action by a broker to recover compensation in the way of commissions for the sale of lands that the contract of sale was within the statute of frauds. *Stevens v. Bailey, supra.*"—6 Mayf. Dig. 94.

It results that the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.