(86 South, 528)

## DE BRIERE v. YEEND BROS. REALTY CO.

### (I Div. 163.)

(Supreme Court of Alabama. Oct. 21, 1920. Rehearing Denied Nov. 18, 1920.)

1. **Brokers ⬦⇒54—Agreement to "sell" means to furnish purchaser ready, willing, and able.**

As between a landowner and real estate broker, an agreement of the latter to "sell" the former's property usually means to negotiate for a sale by finding purchaser ready, willing, and able to consummate the transaction (citing Words and Phrases, Second Series, "Sell").

2. **Brokers ⬦⇒84(2)—Acceptance of purchaser dispenses with necessity of showing ability and willingness of purchaser.**

Acceptance by the seller of the purchaser furnished by a broker dispenses with the necessity of the broker showing, in an action for his commission, that the purchaser was able, ready, and willing to pay, since acceptance is taken as a conclusive admission of that fact.

3. **Appeal and error ⬦⇒1011(1)—Findings on conflicting evidence not disturbed.**

In an action by a broker under a contract to recover commissions, where the evidence

was conflicting as to whether he was entitled to recover under local usage and custom, a judgment in favor of the broker under the common counts will not be disturbed.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by Yeend Brothers Realty Company against Chas. De Briere, Jr., on the common counts to recover for commissions earned on the sale of real estate. Judgment for the plaintiff, and the defendant appealed. Transferred from court of appeals under p. 450, section 6, acts 1911. Affirmed.

Gaillard, Mahorner & Arnold, of Mobile, for appellant.

The defendant never saw, knew, nor heard of the supposed purchaser, and therefore could not have accepted him as a purchaser at the time plaintiff submitted the proposition. 188 Ala. 240, 66 South. 452; 17 R. I. 582, 23 Atl. 1019, 33 Am. St. Rep. 897; 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542. The proposition and acceptance was special, and there was no acceptance of the purchase. The plaintiff failed to show that he had produced a purchaser who was ready, willing, and able to comply with the terms and conditions of the sale. 116 Ala. 395, 22 South. 540; 162 Ala. 439, 50 South. 381; 86 Ala. 151, 5 South. 157; 188 Ala. 239, 66 South. 452; 19 Cyc. 246. There was no special count declaring upon the contract of employment, and it was not shown that plaintiff had completely performed his part of the contract. 186 Ala. 430, 65 South. 175; 173 Ala. 568, 56 South. 216; 155 Ala. 281, 46 South. 477; 165 Ala. 225, 51 South. 735; 81 Ala. 285, 1 South. 591.

Gordon & Edington, of Mobile, for appellee.

The case of Handley v. Shaffer, 177 Ala. 636, 59 South. 286, is conclusive of all matters raised on the trial and by brief of appellant.

McCLELLAN, J. The appellee, a real estate agent, entered into an agreement with appellant on October 22, 1918. The contract was, by its terms, made to expire in 60 days after its date. A major stipulation was that the agent was authorized, as sole agent, "to sell" certain described of appellant's real estate, on specified terms, for a specified commission, etc. The 60-day limitation expired on December 22, 1918. On February 6, 1919, this writing was given by A. Robinton to appellee, appellant signing his own name to the acceptance indorsed thereon:

"Yeend Bros. Realty Co., Inc. This will authorize you to offer for me $5,000.00, five thousand dollars, for the property No. 554 Conti street on the north side between Cedar and Warren streets, payment as follows: ½

cash and the balance to be carried with a mortgage payable $100.00 month with interest at 8% per annum added to each note, title to be made satisfactory to my attorney to be free from all incumbrances:

"[Signed] A. Robinton.
"Witness: Thomas A. Yeend.
"I will accept the above proposition.
"[Signed] Chas. De Briere, Jr.
"Witness: Thos. A. Yeend."

Robinton declined to complete the transaction, asserting a qualifying agreement between him and appellee. Appellee demanded of appellant that he proceed, or allow the appellee to use his name, to enforce and effectuate the rights of appellant against Robinton. Appellant refused to do either; and appellee sued appellant, declaring, in assumpsit, through the common counts. Plaintiff was given judgment for an amount equal to the commission measured by the rate stipulated in the writing of October 22, 1918. The trial below and its discussion by both parties on this review appears to proceed upon the theory that the writing of October 22, 1918, was effective on, or was extended to, February 6, 1919, notwithstanding the expiration of the 60 days fixed as the period of its life. The review here is undertaken upon that as an established fact.

[1, 2] The contract of October 22, 1918, stipulated for a sale of the particular property, on terms specified therein. The authority given and the obligation to be incurred by the landowner under the contract of October 22, 1918, did not depend upon a completed disposition of the property. That feature of the agreement was satisfied when the written "contract or memorandum," binding both seller and purchaser, was efficiently signed by Robinton and appellant. Rice v. Mayo, 107 Mass. 550, 552; Lindley v. Keim, 54 N. J. Eq. 418, 423, 34 Atl. 1073; 4 Words and Phrases (2d Ed.) pp. 516, 517. As between a landowner and a real estate broker, an agreement of the latter to sell the former's property usually means to negotiate for a sale by finding a purchaser ready, willing, and able to consummate the transaction. Author supra; Handley v. Shaffer, 177 Ala. 636, 651, 59 South. 286. The acceptance by the seller of the purchaser "dispenses with the necessity of showing that the purchaser was able, ready, and willing to buy, since acceptance is taken as a conclusive admission of that fact." Handley v. Shaffer, supra. This appellant unmistakably manifested in writing his acceptance of Robinton as the purchaser, upon the terms stipulated, thereby removing, in this action, any necessity for further inquiry with respect to the ability, willingness, or readiness of Robinton in the premises. In these circumstances, the plaintiff, appellee, was entitled to recover the compensation thus earned. Birmingham Land Co. v. Thompson, 86 Ala.

146, 150, 5 South. 473; Handley v. Shaffer, supra; Finney v. Newsom, 203 Ala. 191, 82 South. 441, 442.

[3] There was conflict in the evidence touching the significance local usage or custom attached to a contract of this type, as well as with respect to all a broker should do to discharge his duty under such an engagement. Hence it cannot be affirmed that plaintiff (appellee) was remiss in the premises to the end that his right to recover under the common counts might be denied. Finney v. Newsom, 203 Ala. 191, 82 South. 441, 442, first column.

There was no ruling on the evidence that operated to prejudice the defendant's (appellant's) rights.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.