(107 So. 914)

## CULVER v. A. A. GAMBILL REALTY CO.
### (6 Div. 464.)

(Supreme Court of Alabama.    June 25, 1925.
Rehearing Granted Dec. 10, 1925.)

On Application for Rehearing.

1. Brokers ☞84(2)—After contract is made
for purchase of property, broker need not
prove purchaser's ability, willingness, or read-
iness to purchase, to recover commissions.

After purchaser and owner had entered in-
to a valid written contract for the purchase of
property, held, broker in order to recover his
commissions, need not prove the purchaser's
willingness, readiness, or ability to make the
purchase.

2. Brokers ☞60—Broker was entitled to com-
mission after procuring purchaser who con-
tracted for purchase, though sale was not con-
summated because of dispute whether party
wall constituted incumbrance.

Where owner agreed to pay broker commis-
sion for sale of property, broker who produced
purchaser, who entered into valid written con-
tract with owner on terms stipulated, was en-
titled to commissions, though sale was not con-
summated because of dispute whether party wall
constituted incumbrance on property.

3. Brokers ☞60—Right of broker, procuring
purchaser on seller's terms, to commission
was unaffected, whether party wall constitut-
ed incumbrance or whether purchaser or sell-
er breached contract.

Where broker had procured purchaser on
owner's terms, who entered into a valid writ-
ten agreement for the purchase of the property,
his right to commissions was not affected by
subsequently arising questions, as whether par-
ty wall constituted an incumbrance upon prop-
erty or whether purchaser or seller breached
contract of sale.

Petition for Certiorari to Court of Appeals.

Petition of the A. A. Gambill Realty Com-
pany for certiorari to the Court of Appeals
to review the judgment and decisions of that
court in the case of F. P. Culver v. A. A.
Gambill Realty Co., 107 So. 909.    Writ
awarded, and reversed and remanded on re-
hearing.

See, also, post, p. 375, 107 So. 917.

Leader & Ullman, of Birmingham, for peti-
tioner.

A party wall is an incumbrance on proper-
ty.    20 C. J. 1250; Brodie v. New Eng. Co.,
166 Ala. 172, 51 So. 861; Mackey v. Harmon,
34 Minn. 168, 24 N. W. 702; Tuskegee L. & S.
Co. v. Birmingham Realty Co., 161 Ala. 542,
49 So. 378, 23 L. R. A. (N. S.) 992; Copeland
v. McAdory, 100 Ala. 553, 13 So. 545; Graves
v. Smith, 87 Ala. 450, 6 So. 308, 5 L. R. A.
298, 13 Am. St. Rep. 60; 39 Cyc. 1503; Rich-
man v. Realty Corp., 120 Misc. Rep. 648, 200
N. Y. S. 166; Keating v. Korfhage, 88 Mo.
524; Gibson v. Holding, 115 Ill. 199, 3 N. E.

282, 56 Am. Rep. 146; Huling v. Chester, 19
Mo. App. 607.    Plaintiff, having produced the
purchaser who was accepted by defendant,
was entitled to his commission.    De Briere
v. Yeend Bros. R. Co., 204 Ala. 647, 86 So.
528; Handley v. Shaffer, 177 Ala. 636, 59
So. 290; Birmingham L. & L. Co. v. Thomp-
son, 86 Ala. 149, 5 So. 473; Sayre v. Wilson
& Ingram, 86 Ala. 151, 5 So. 157.

Lange & Simpson, of Birmingham, opposed.
Brief of counsel did not reach the Reporter.

PER CURIAM.    Writ denied.
All the Justices concur, except MILLER,
J., who dissents.

On Application for Rehearing.

MILLER, J.    This cause is before us on
application for rehearing on the petition for
writ of certiorari to the Court of Appeals by
the plaintiff in the trial court, and appel-
lant in the Court of Appeals.    The plaintiff,
petitioner, A. A. Gambill Realty Company,
sued F. P. Culver for $1,000 for services ren-
dered under contract in the sale of certain
real estate in Birmingham.    The jury re-
turned a verdict in favor of the defendant.
Afterwards the court on motion of plaintiff
set aside the verdict of the jury and the judg-
ment thereon and granted plaintiff a new
trial.

The Court of Appeals held the trial court
erred in setting aside the verdict of the jury;
that under any phase of the testimony as
shown by the record the defendant was en-
titled to the general affirmative charge.

We find this clear rule and principle writ-
ten by Chief Justice Stone for this court
in Birmingham L. & L. Co. v. Thompson, 86
Ala. 149, 5 So. 474:

"'The broker undertakes to furnish a pur-
chaser, and is bound to act in good faith in pre-
senting a person as such; and when one is pre-
sented, the employer is not bound to accept him,
or to pay the commissions, unless he is ready
and able to perform the contract on his part,
according to the terms proposed; but, if the
principal accepts him, either upon the terms
previously proposed, or upon modified terms
then agreed upon, and a valid contract is en-
tered into between the principal and the person
presented by the broker, the commission is earn-
ed.'    Sayre v. Wilson & Ingram, [86 Ala.] 151;
s. c. 5 So. 157; Henderson v. Vincent, 84 Ala.
99 [4 So. 180]; Hamlin v. Schulte, 34 Minn.
534 [27 N. W. 301]; Sibbald v. Bethlehem Iron
Co., 83 N. Y. 378 [38 Am. Rep. 441]; Glent-
worth v. Luther, 21 Barb. [N. Y.] 145; Parker
v. Walker, 86 Tenn. [566] 266 [8 S. W. 391];
Walker v. Osgood, 98 Mass. 348, 93 Am. Dec.
168; Kock v. Emmerling, 22 How. 69 [16 L.
Ed. 292].

"The fact that the sale of the property is
never consummated, does not weaken the force
or application of the rule, provided the sale is
not prevented by some fault or misrepresenta-

tion on the part of the broker, or on account of the inability of the proposed purchaser to comply with the terms of the sale. The broker has earned his commission, when he has found a purchaser able and willing to purchase at the stipulated price and terms, and who has been accepted by the owner of the property, although the sale is never completed, if the failure to complete the proposed sale is the consequence of an incumbrance upon the property, a defect in the title, or of some fault of the owner of the property to comply with the terms of the sale. Without some special stipulation to that effect, the broker does not warrant the title to the property; and if there is a defect therein, on account of which the sale is never completed, the broker is without fault, and should not be made to suffer thereby. He has fully performed his part of the transaction, when he has secured a purchaser, able and willing to buy. His office has ceased, and his commission is earned."

[1, 2] It appears from the evidence in the opinion of the Court of Appeals that the defendant accepted the proposition to pay plaintiff $1,000 as commissions for the sale of this property mentioned at a certain price and on certain terms. The plaintiff produced a purchaser, Carl Steiner, for the property of the defendant at the price and on the terms stipulated; he placed them in touch with each other; the defendant clearly and certainly accepted Steiner as purchaser; they entered into a valid written contract, voluntarily, one to sell and the other to purchase this property on terms and conditions mutually agreed to therein. Both parties—vendor and vendee—signed it. No necessity existed after this contract was entered into by them for proof of ability and willingness and readiness of Steiner to purchase the property at the price and on the terms mentioned. This written contract is conclusive admission of such facts by the defendant. The parties had mutually agreed in writing, one to sell and the other to buy the property at the price and on the terms and under the conditions named in the contract. This entitled the plaintiff to the compensation promised him by the defendant. DeBriere v. Yeend Bros., 204 Ala. 647, 86 So. 528; Handley v. Shaffer, 177 Ala. 636, h. n. 3–6, 59 So. 286; B'ham, I. & L. Co. v. Thompson, 86 Ala. 146, 5 So. 473.

It is true under this contract the seller agreed to furnish the purchaser with an abstract of title on the property, and "the title is to be good and merchantable and free and clear from all liens and incumbrances of every kind and nature." This clause does not appear in the contract set out in the opinion, but the opinion of the Court of Appeals refers to such agreement between the parties, and it is in the contract. It seems, after the contract was executed and delivered, it developed that there was a party wall, a dividing wall, between two brick buildings, adjoining, one on each lot, including this lot contracted to be sold. "The purchaser refused to carry out his contract of purchase, unless defendant would obtain from Hill [the owner of the adjoining wall lot] a party wall agreement, claiming the party wall to be an 'incumbrance' on the property." The Court of Appeals states:

"If the party wall was an incumbrance within the meaning of the terms of the sale contract, then plaintiff should recover, for in that event defendant would have breached his contract of sale; if the party wall was not such an incumbrance, then the purchaser breached the contract and plaintiff had thereby failed to furnish a purchaser ready, willing, and able to carry out the terms of purchase."

The Court of Appeals held this party wall was not an incumbrance on this lot of defendant; and it "was a benefit and not a burden to the owners of both lots."

We cannot agree with this holding of the Court of Appeals. This court has expressed itself on this subject, when Justice Henderson M. Somerville writing for this court in Graves v. Smith, 87 Ala. 450, 6 So. 308, 5 L. R. A. 298, 13 Am. St. Rep. 60, on this subject of a party wall, wisely and with vision stated:

"Where such a wall is erected, one-half on the land of each adjoining proprietor, it does not render them tenants in common, but each is the owner in severalty of his part, both of the wall and the land on which it stands; but the title of each is qualified by a cross-easement in favor of the other, which entitles him to support his building by means of the half of the wall belonging to his neighbor. In other words, each proprietor owns his own half in severalty, with an easement of support from the other half of his neighbor's."

The title to the lots of the two adjoining owners is qualified by the party wall; each has an easement in the lot of the other on which the party wall is erected; and each has an easement of support from the other half of his neighbor's in the wall and that part of the lot on which it rests. Authorities, supra.

This court, in Tuskegee L. & S. Co. v. Birmingham Realty Co., 161 Ala. 557, 49 So. 383, 23 L. R. A. (N. S.) 992, stated, "An easement in or over the land, or any part conveyed, is undoubtedly an incumbrance," and it defined an "incumbrance" as follows:

"An incumbrance, within the meaning of the law relating to covenants and warranties, does not depend for existence upon the extent or amount of the diminution in value, but extends to cases in which, by reason of the burden, claim, or right, the owner does not acquire complete dominion over the land which the grant apparently gives. Mackey v. Harmon, 34 Minn. 168, 24 N. W. 702; Demars v. Koehler, 62 N. J. Law, 203, 41 A. 720, 72 Am. St. Rep. 642."

In Brodie v. New Eng. M. S. Co., 166 Ala. 172, 51 So. 862, an "incumbrance on real estate" was thus defined:

"An incumbrance is defined to be 'every right to or interest in land granted, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance.' Pres-

cott v. Truman, [Trueman] 4 Mass. 627, 3 Am. Dec. 246; Copeland v. McAdory, 100 Ala. 557, 13 So. 545; Tuskegee Land Co. v. Birmingham Realty Co., 161 Ala. 542, 49 So. 378 [23 L. R. A. (N. S.) 992]. It is, therefore, not at all necessary that the incumbrance pass the fee to any part of the freehold. In fact, a part of the definition of an incumbrance is that it is consistent with the passage of the fee by the deed or grant containing the covenants against incumbrances. It is only necessary that incumbrance confer upon its owner some interest in or right to some profit, dominion, or lawful use out of or over the land. Any burden upon the estate granted, which diminishes the full measure of its enjoyment, or renders it less useful or less salable, is an incumbrance, though the entire fee to all the lands granted pass by the conveyance containing covenants against incumbrances."

In Copeland v. McAdory, 100 Ala. 553, 13 So. 545, this court said:

"An easement, materially affecting the value, interfering with the use and possession of a part of the premises is a breach of the covenant. * * * A right of way, public or private, incumbering a part of the premises, is a breach of the covenant."

This easement on the lot, created by this party wall, is an incumbrance thereon. An incumbrance on land is any right to or easement in or on it, which diminishes its value, or interferes with the full measure of the enjoyment of it by the owner or prohibits the owner from having complete dominion over and control of it.

The vendor, the defendant, did not have complete dominion over this entire lot on account of this party wall. It interferes with the full measure of enjoyment of it by the owner. It created an easement on the lot in favor of the adjoining owner, which prohibited the defendant from having complete dominion of his lot. Authorities, supra. See, also, Jebeles v. Brown, 147 Ala. 593, 41 So. 626, 11 Ann. Cas. 525.

The defendant, the vendor in the contract of sale of the lot to Steiner, the vendee, covenanted that the title to this lot is "to be good and merchantable, and free and clear from all liens and incumbrances of every kind and nature." It was not free of all incumbrances of every kind and nature. The defendant breached the contract of sale of the lot made with Steiner. The vendor and not the vendee prevented the completion of the sale of the lot. This breach of the contract by the defendant prevented the sale to Steiner from being completed. The plaintiff was without fault, and should not be made to suffer thereby. Authorities supra,

The Court of Appeals states:

"If the party wall was an incumbrance within the meaning of the terms of the sale contract, then plaintiff should recover for in that event defendant would have breached his contract of sale."

From the law as hereinbefore shown and from the facts stated in the opinion of the Court of Appeals, it is clear this party wall was an incumbrance on this lot under the contract of sale. This being true, the general affirmative charge should not have been given by the trial court, as stated by the Court of Appeals.

[3] Whether this party wall was an incumbrance on this lot, or whether the contract of purchase and sale was breached by the vendor or the vendee, was immaterial to the right of recovery by plaintiff. The vendor and the vendee, and not plaintiff, were interested, and their rights, and not his, were affected thereby. Birmingham L. & L. Co. v. Thompson, 86 Ala. 146, 5 So. 473. The plaintiff brought them together—one as seller and the other as buyer of this property. They entered into a valid written contract or agreement—one to sell and the other to buy the property on terms and at the price specified to plaintiff, and on conditions mutually agreeable to the vendor and the vendee. After this contract was duly entered into by the seller and purchaser, the plaintiff was entitled under his contract with the defendant to receive its compensation thus earned. The plaintiff had fully performed its part of the contract with the defendant. There was nothing more for it to do, and there was nothing more that it could do. The plaintiff had earned its commissions. Birmingham L. & L. Co. v. Thompson, 86 Ala. 146, 150, 5 So. 473; Handley v. Shaffer, 177 Ala. 636, 59 So. 286; DeBriere v. Yeend Bros., 204 Ala. 647, 86 So. 528.

The trial court heard the witnesses testify. The jury returned a verdict in favor of the defendant. The trial court set aside this verdict as contrary to the great weight of the evidence. The Court of Appeals writes and holds this was wrong, because under any phase of the testimony as shown by the record, the defendant was entitled to the general affirmative charge. The Court of Appeals has the evidence and the testimony that was before the jury and the trial court. We have only so much thereof as appears in the opinion of the Court of Appeals. As it appears, it is clear and evident the defendant is not entitled to the general affirmative charge. Authorities, supra.

The application for rehearing is granted. the judgment denying the writ is set aside, and the writ is now granted, and the cause is reversed and remanded to the Court of Appeals for further consideration in conformity to this opinion.

Writ awarded; reversed and remanded.

All the Justices concur.

SAYRE, J., concurs in the opinion and conclusion. All the other Justices concur in the opinion and conclusion, except they prefer not to express their views on whether or not a party wall is an incumbrance on the property, which is unnecessary to a decision of the case.