## CINO THEATRE CO. v. B/G SANDWICH SHOPS, Inc.

Circuit Court of Appeals, Sixth Circuit.
February 10, 1928.

No. 4918.

**1. Courts ⊂⊃406(1¼)—Written findings, if sustained by any substantial evidence, are conclusive on appeal.**

Circuit Court of Appeals must accept written findings of trial court as final and conclusive of the facts in controversy, if they are sustained by any substantial evidence.

**2. Party walls ⊂⊃2—Wall erected on dividing line of premises by one landowner, which other landowner, paying half of cost, used for support for wall on new building, held party wall.**

Where wall was erected on dividing line of property by one landowner under agreement that other was to pay one-half the cost when building on his premises should be enlarged or replaced, and before wall should be "used by reason of said enlargement or new erection," wall constituted party wall, where other owner, erected new building and, paying half of cost, used old wall for purpose of lateral and subjacent support for wall of new building contiguous to the old wall.

**3. Party walls ⊂⊃4(3)—Where agreement for wall was not conditioned on a particular use, nature and extent of use were not required to be shown.**

Where agreement for erection of party wall contained no condition specifying nature or extent of any particular use, it was not necessary that nature or extent of particular use should be shown, in order to make it a party wall.

**4. Party walls ⊂⊃8(5)—Removal of party wall, not made necessary by dilapidation, held to render landowner liable for damages resulting to owner of adjoining property on account of removal of support to adjacent wall.**

Landowner, who removed party wall, thus rendering unsafe adjoining wall, which was dependent on party wall for lateral and subjacent support, held liable to owner of adjoining premises, not consenting to removal, for resulting damages, where demolition of building and removal of wall was not made necessary by reason of dilapidation or decay in the building.

**5. Party walls ⊂⊃4(4)—Assertion of hostile claim of adverse title is indispensable to right in party wall by adverse possession or prescription.**

In order that one landowner may acquire rights in party wall by adverse possession or

prescription, it is necessary that he or his predecessors assert hostile claim of adverse title as against adjoining landowner for necessary statutory period.

In Error to the District Court of the United States for the Southern District of Ohio; Smith Hickenlooper, Judge.

Action by the B/G Sandwich Shops, Inc., against the Cino Theatre Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Frank F. Dinsmore, of Cincinnati, Ohio (Ben L. Heidingsfeld, Samuel I. Lipp, and Dinsmore, Shohl & Sawyer, all of Cincinnati, Ohio, on the brief), for plaintiff in error.

Charles P. Taft, 2d, of Cincinnati, Ohio (W. F. Woodruff, of Kansas City, Mo., on the brief), for defendant in error.

Before DENISON and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

TUTTLE, District Judge. This is an action brought by the appellee, the B/G Sandwich Shops, Inc. (hereinafter called the plaintiff), against the appellant, the Cino Theatre Company (hereinafter called the defendant), to recover damages sustained by the plaintiff as a result of the removal, by the defendant, of a certain party wall located upon the dividing line between their adjoining premises. Pursuant to statutory waiver of jury, the case was tried by the District Judge, who awarded a verdict for damages in favor of the plaintiff, and to review the judgment entered on such verdict the defendant has brought the cause here on writ of error.

[1] The trial court made written findings of fact, which findings we must accept, if sustained by any substantial evidence, as final and conclusive of the facts in controversy. Corey v. Atlas Coal & Coke Co. (C. C. A. 6) 277 F. 138. By these findings, which we are satisfied have substantial and sufficient support in the evidence, the facts hereinafter stated must be regarded as established.

In 1851, one Dodson and one O'Connor, predecessors in title of the plaintiff and defendant, respectively, made a written agreement by the terms of which O'Connor was to construct a wall, which became the party wall in question, 12 inches in width and extending equally on each side of their dividing line, and Dodson was to pay one-half of the cost thereof when the building on his premises should be enlarged or replaced by a new building, and before said wall should be "used by reason of said enlargement or new erection." In 1879, the successors of Dodson erected a new building, known as the Wiggins

Block, on their said premises and thereupon paid O'Connor one-half of the cost of said party wall. In the erection of the last-mentioned building, an additional 8-inch brick wall was added to the original 12-inch brick wall. The two walls were not integrally joined together, but were so closely contiguous that the new wall and building were substantially supported and strengthened by the original wall. At the top of the old wall the new wall extended outwardly over it, so as to receive subjacent as well as lateral support therefrom. In 1926, the defendant, without any notice to the plaintiff, demolished its own building and thereby removed the original 12-inch wall, for the purpose of erecting a new building on its premises, and not by reason of dilapidation or decay in its old building. The effect of this act was to leave the building of the plaintiff with an 8-inch wall for the height of the removed wall, and above that height a projecting, overhanging, unsupported portion of a wall. Thereupon the public authorities of the city of Cincinnati, in which the premises are located, condemned the plaintiff's wall in its then condition and ordered its immediate removal, as dangerous and defective. This resulted in the enforced abandonment, by plaintiff, of the premises, on which it had been conducting a sandwich shop business, and the interruption of such business, with consequent damage to it in the loss of profits and otherwise, to recover which it instituted this action.

[2, 3] 1. We are unable to accept the contention of the defendant to the effect that no such use was made of the wall in question as was necessary to render it a party wall. Assuming that, in the light of the agreement originally made with respect to this wall and the subsequent conduct of the parties relative thereto, some use of such wall was requisite in order to constitute it a party wall in legal contemplation, we think that the facts to which reference has already been made sufficiently show such use. The agreement contained no condition specifying the nature or extent of any particular use, and we cannot read into that agreement any such condition. Jebeles & Colias Confectionery Co. v. Brown, 147 Ala. 593, 41 So. 626, 11 Ann. Cas. 525. We have carefully considered the entire record, and we agree with the district court that it is amply apparent that the cost of the original wall was shared by the parties for the purpose, and with the subsequent effect, of making use of said wall in the supporting and strengthening of the building thereafter erected by those under whom plaintiff claims, and that whatever use was nec-

essary to constitute this structure a party wall was in fact made of it.

[4] 2. It is further urged by defendant that according to the law of Ohio, where the property in question is located, a proprietor of an interest in a party wall has the right under such circumstances as are here presented and even in the absence of decay or deterioration in the structure involved, to remove such wall without the consent of the other proprietor, and that the law of such state is, with respect to the subject-matter of this case, a rule of property which will be followed and enforced by the federal court in disposing of this controversy. Defendant does not deny, as apparently it cannot, that the law elsewhere is clearly settled contrary to what it claims this Ohio rule to be. Carroll Blake Construction Co. v. Boyle, 140 Tenn. 166, 203 S. W. 945. In 20 Ruling Case Law, 1087, the well-settled general rule is thus stated:

"The authorities all agree that an easement in a party wall for the support continues as long as the wall is sufficient for the purpose for which it was designed and the respective buildings continue in a condition to need its support. It necessarily follows that neither party has any right to remove such support by pulling down the wall or removing it in whole or in part, except when its ruinous condition renders such action necessary, and anyone removing such support will be liable for resulting injuries to the other owner unless the latter has consented to such removal."

Defendant relies, in this connection, upon the decision in the case of Hieatt v. Morris, 10 Ohio St. 523, 78 Am. Dec. 280. That case did not involve a ruling to the effect that such party wall proprietor is entitled to remove, not only the portion of such wall standing upon his own land, but also that located upon adjoining premises, as was done in the instant case; but, even if that decision may be properly construed as having the extreme effect so claimed for it, we conclude that it must be, at least to that extent, considered as overruled by the later decision of the same court in the case of Miller v. Brown, 33 Ohio St. 547, in which, although the decision in Hieatt v. Morris, supra, was cited and urged by counsel, a conclusion was reached inconsistent therewith. We cannot, therefore, accept that early case as expressing the Ohio rule upon this subject or as preventing us from applying, as we do, to this case the general rule to which we have just referred.

[5] 3. We find no merit in the suggestion that defendant acquired rights by adverse possession or prescription. There is nothing

24 F.(2d)—3

in the record to warrant any finding that defendant or any of its predecessors in title asserted, either for the necessary statutory period or indeed at any time, such hostile claim of adverse title or right as would be a necessary element on which to base the acquisition by defendant of such a title or right, even assuming that the other requisite elements thereof were present.

4. The contention of defendant that the trial court erred in awarding to the plaintiff damages for loss of profits is sufficiently answered and disposed of, adversely to the claim of defendant, by the observation that the record discloses substantial evidence in support of the finding of the District Court on that subject and that, therefore, such finding must be accepted by us as final and conclusive in this connection.

For the reasons stated, the judgment is affirmed, with costs.