WHITE, JOSEPH S., Associate Judge.
This appeal by plaintiff in the lower court brings for review a final judgment entered for defendant in a suit in which plaintiff, a real estate broker, made claim against defendant for a real estate commission. At the conclusion of the trial defendant moved for a directed verdict, ruling upon which was reserved. The issues were submitted to the jury, but a mistrial resulted when the jury was unable to agree upon a verdict. The court then directed the verdict and entered judgment for defendant.
Plaintiff’s complaint charged that defendant “entered into a verbal contract of agency for the sale” of approximately two-thousand acres of land, by the terms of which defendant agreed to pay plaintiff “a commission in the amount of Ten (10%) per cent of the sales price based upon a sales price of $250.00 per acre; that by said contract the Plaintiff was to procure a buyer ready, willing and able to buy said lands upon the following terms and conditions : One Hundred Thousand ($100,-000.C0) Dollars upon delivery of deed; the balance of the purchase price to be represented by a promissory note of the buyer secured by a purchase money mortgage which note was to provide for ten equal annual payments together with interest at the rate of Six (6%) per cent per annum.”
It was further alleged that plaintiff “procured a buyer willing, able and ready to buy said lands on the exact terms and conditions of said contract”, but that defendant refused to sell the lands and pay the commission.
*320 By his answer defendant admitted that he authorized plaintiff to sell the lands, hut denied that the listing was according to the terms stated in the complaint and denied that plaintiff procured a buyer ready, willing and able to buy the lands •on the exact terms and conditions so stated by the plaintiff. These were the issues upon which the parties went to trial.
When employed to find a purchaser, as distinguished from employment to “sell”, the broker must either take from the customer a binding contract of purchase or, in the alternative, he must present to the seller a customer who is actually ready, able and willing to buy on the terms prescribed by the owner in the listing contract. McAllister Hotel v. Porte, Fla.1957, 98 So.2d 781.
The record fails to make out such a case in plaintiff’s behalf, and the trial judge •could do naught but enter judgment for the •defendant.
It was shown that a proposed contract, •described by one of plaintiff’s witnesses as “tentative” and a “rough draft”, was prepared. The terms which went into the ■draft were specified by the broker. Some of them, dealing with substantial rights of the parties, were different from the terms ■of the listing described in the complaint. For example, instead of providing for six per cent interest on deferred payments, the •contract provided for only five per cent. Instead of binding the purchaser, unconditionally, to take and pay for the lands, the contract contained a clause that: “In the event Sellers comply with all the obligations herein and Buyer refuses to close this transaction, the deposit this day paid shall be delivered by said escrow agent to Sellers as liquidated damages and all liability hereunder shall cease.” (Emphasis added.)
The effect of such a provision was to make the proposed contract of sale nothing more than an option which the purchaser could forfeit at pleasure and thus escape the obligation to pay for the lands.
In addition, it was provided in the proposed contract that the promissory note, which was to represent deferred payments and to be secured by a mortgage upon the lands, would be “without recourse except to said mortgage.”
Because of changes of this character the proposed contract became a counteroffer by the purchaser. Contrary to appellant’s contention, the record will not support a ruling that defendant accepted such a counteroffer and became liable for a commission.
Appellant refers to the case of Bailey v. Padgett, 1915, 195 Ala. 203, 70 So. 637, as supporting his right to the commission. Upon study of the opinion in that case we find a distinction. The court found there that the seller’s refusal to sell to the broker’s customer was “capricious”. In the present case there were substantial changes in the terms of sale proposed to defendant, and we cannot say that his refusal to accept them was “capricious”. They would have been declined by any man of sound business judgment. Furthermore, the court ruled in the case to which we have been referred that “there was direct proof” of the seller’s consent to the terms of the proposed sale. The record in the instant case will not support such a ruling or that defendant accepted terms which he later “capriciously” rejected.
The transaction involved here related to a substantial sum of money, approximating one-half million dollars, and no showing was made in the court below that the proposed purchaser was ready, willing and able to pay, unconditionally, that amount of money for the lands in accordance with the terms of the listing described in plaintiff’s complaint.
Affirmed.
WALDEN, C. J., and CROSS, J., concur.